## No. 10,570.

### DIVELY v. THE PEOPLE.

Decided December 3, 1923.

Plaintiff in error was convicted of a second violation of the prohibition act.

*Affirmed.*

1. CRIMINAL LAW—*Overruling Objections—Harmless Error.* Error in overruling an objection to a question, is harmless, where no prejudice results to the complaining party.

2. WITNESSES—*Impeachment—Conviction of Crime.* A witness may be asked on cross-examination, if he has been convicted of a crime, and concerning the number and places of such convictions.

3. CRIMINAL LAW—*Witnesses—Impeachment.* Evidence tending to impeach a witness other than the defendant in a criminal case may be properly admitted, although tending to prejudice the defendant, where the jury is instructed to consider such evidence for the purpose of impeachment of the witness only.

4. *Trial—Presence of Defendant.* The presence of a defendant on the trial of a misdemeanor is not absolutely essential.

5. *Misdemeanor—Plea of Guilty by Attorney.* In a misdemeanor case, if a plea of guilty is entered by defendant's attorney, it will be presumed that he has authority so to act.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. CHARLES E. HOLCOMB, Mr. JOHN D. DAWSON, for plaintiff in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error was convicted of a second violation of the prohibitory law, and sentenced to a term in the penitentiary.

Error is assigned to the court's overruling an objection to a question propounded by the prosecution in the cross-examination of a witness. The question was: "Is it not a fact that in the spring of 1917 when you met (the defendant), the two of you were confined in the penitentiary?" It is argued that this question was a direct attack upon defendant's character, and improper for reasons explained in *Ryan v. People,* 66 Colo. 208, 180 Pac. 84. We need not decide this point. The answer of the witness simply was that he, the witness, did not enter the penitentiary until the fall of 1917. No reflection on, or even mention of, the defendant was made in the answer. Any error in overruling an objection to the question was harmless. 17 C. J. 308, § 3654.

It is contended that the court erred in permitting the prosecution, over objection of defendant, on cross-examination of the defendant, after he had been asked if he had been convicted of crime, to propound further questions concerning the number and place of such convictions. Section 6555 C. L. 1921, providing that the fact of conviction may be shown, does not prohibit showing the number and place of convictions. Questions, such as are now complained of, have generally been held proper. 40 Cyc. 2610. It was not error to allow them in the instant case.

The district attorney sought to impeach a witness for defendant by proof of former inconsistent statements wherein the witness incriminated the defendant. It is argued that this was misconduct on the part of the district attorney because the impeaching evidence served more to prejudice the defendant than to impeach the witness, and that it was error to admit such impeaching. The record shows that the court instructed the jury to consider such evidence for the purposes of impeachment of the witness only. There was neither misconduct nor error.

There was sufficient evidence of defendant's former conviction. There is doubt whether defendant was personally present at the former trial, but it was a trial on a mis-

demeanor charge, and personal presence of defendant was not absolutely essential. 16 C. J. 818. There is evidence that there was a plea of guilty at such former trial. If made by defendant's attorney, it is to be presumed that the latter had authority so to act.

The judgment of conviction is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.