## PARKER v. MATHER.
### No. 9050.

Court of Civil Appeals of Texas. San Antonio.

April 5, 1933.

Rehearing Denied May 10, 1933.

Wier & Wier, of San Antonio, for appellant.

Barrett, Barrett & Taylor, of San Antonio, for appellee.

FLY, Chief Justice.

This action was instituted by appellee, J. A. Mather, against appellant, A. W. Parker, to recover damages arising from personal injuries inflicted by appellant by an assault upon the person of appellee, which was alleged to have occurred at Randolph Field, a Military Reservation for the training of aviators by the United States.

The cause was submitted to a jury on special issues and on the answers thereto judgment was entered in favor of appellee for $400 actual and $100 exemplary damages.

In the trial court appellant pleaded to the jurisdiction, because the assault was alleged to have occurred on Randolph Field, which had been ceded to and was owned and controlled by the United States government. The plea was overruled. It was alleged and proved that appellant assaulted and injured appellee in territory in the possession and under the exclusive control of our federal government, and that such field had been conveyed to and is the property of such government. The assault, was undoubtedly a tort and an action based on such tort was transitory in its nature. This court, in the case of Mexican Cent. Railway Co. v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 282, 283, clearly sets forth the nature and character of a transitory

action in these words, taken from Cooley on Torts (2d Ed.) p. 551:

"It is a general rule that, for the purpose of redress, it is immaterial wher^ a wrong was committed; in other words, a wrong be-, ing personal, redress may be sought· for it, wherever the· wrongdoer may be found. To this there are a few exceptions, in which actions are said to be local, and must therefore be brought not only within the country, but also within the very county where they arose. The distinction between transitory and local actions is this: If the cause of action is one that might have arisen anywhere, then it is transitory; but, if it could only have arisen in one place, then it is local."

A writ of error was refused in that case by the Supreme Court, although the opinion criticized and practically overruled a decision of the Texas Supreme Court in Mexican Nat. Railway Co. v. Jackson, 89 Tex. 107, 33 S. W. 857, 31 L. R. A. 276, 59 Am. St. Rep. 28. The Mitten Case has never been questioned and has been often approvingly cited by state and federal courts. In the case of Slater v. Mexican Railroad, 194 U. S. 120, 24 S. Ct. 581, 48 L. Ed. 900, in a dissenting opinion Chief Justice Fuller condemned the ruling in the Jackson Case and approved the decision in the Mitten Case, and stated that it had been approved by the Supreme Court of Texas, and the Jackson Case practically set aside. There is nothing said in the majority opinion, by Judge Holmes, that criticizes the Mitten Case. He made the mistake of citing the Jackson Case, which had been practically overruled by the Supreme Court of Texas, as was shown by Chief Justice Fuller. It follows that the first and second propositions assailing the jurisdiction of the state court must be overruled.

■ The third proposition attacks the testimony of a physician as to the character of appellee's injuries at a date long after the assault took place, and is overruled. It merely attacks the credibility of the witness and the weight to be given to his testimony. That was a question for the jury and not this court.

The fourth proposition is on the weight of the evidence and is without merit.

■ The fifth proposition complains that the testimony would sustain only nominal damages, but we overrule the contention. The evidence was heard by the jury and it was sufficient to sustain the verdict. Appellee swore that he was assaulted and severely injured by appellant who had invited him into his office. He testified that he had for weeks suffered great pain from the injuries and that he had not recovered fully from the wounds which were inflicted in 1929, when the trial took place and his testimony given, on May 10, 1932. It would appear from the testimo-

ny that the injury was permanent. The jury credited the testimony of appellee. We cannot, under the facts found to be true by the jury, hold the verdict excessive.

The judgment is affirmed.

### On Motion for Rehearing.

■ The case of Jones v. Ry. Co., 68 S. W. 186, decided by this court, is cited as following the Jackson Case. The latter case held that the laws of Mexico are so dissimilar to those of Texas in regard to personal injuries as to render such case unenforceable in Texas, and the same laws were proved in the Jones Case. No question of dissimilarity of laws arises in this case. The laws of Mexico were not proved in the Mitten Case, and consequently that case is in the same category as the present case. There are no complications as to the laws of the United States. Probably, if the United States had provided an exclusive method in which torts occurring within its exclusive territory should be tried, there might be some ground on which to base the confident assertions of appellant. This court does not willfully disregard a decision of the Supreme Court, but follows the last expression of the Supreme Court.

The motion for rehearing is overruled.