No. 13,544.

LONGWELL *v.* THE PEOPLE.
(36 P. [2d] 458)

Decided October 1, 1934.

Mr. JOHN J. DOWNEY, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES H. QUEARY, Assistant, for the people.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error Longwell was tried in the district court of Montezuma county on a charge of burglary, found guilty, and sentenced to the penitentiary. He brings the case here for review.

No complaint is made of any of the instructions given to the jury. No instructions were tendered and refused.

404

The only questions presented by the assignments of error relate, (1) to the sufficiency of the evidence as a whole, and (2) to certain testimony and exhibits introduced by the people.

1.  It is contended that the evidence was insufficient to justify conviction.

There was evidence before the jury tending to prove that the store of a merchant in Dolores was broken into during the night of October 21, 1932; that certain of his property, including a slicker, was at that time stolen therefrom; that in April, 1933, the sheriff found the slicker in the defendant Longwell's possession. It is contended that the evidence fails to establish the slicker thus found to be the one stolen, and that the date of the burglary, as compared with the time of finding the slicker, was too remote to justify applying the familiar doctrine concerning recent possesion of stolen property and so drawing the inference that one who has possession of property recently obtained by burglary or larceny is guilty of either or both of such crimes.

It was for the jury to determine, upon the evidence, whether the identity of the slicker had been proved beyond a reasonable doubt, and whether, under the facts and circumstances of the case, the time elapsing between the burglary and the subsequent finding of the slicker was reasonably short, and whether the defendant's explanation of his possession was satisfactory. The jury having seen and heard the witnesses, which we have not, we cannot say that the jury's conclusions upon the credibility of the witnesses and the weight of their testimony are wrong. Those conclusions cannot be disturbed.

From what has been said it follows that, unless there was prejudicial error in admitting certain testimony and exhibits over the defendant's objections, the judgment of conviction must stand.

2.  The specific evidence complained of raises the question whether it was right to admit evidence touching

other offenses similar in character to that charged against the defendant. Evidence of similar offenses is admissible in burglary cases if its effect is properly limited. This has long been the settled holding of this court, and authorities need not be cited. Full explanation was carefully and correctly given, so that the jurors could not possibly have labored under any misunderstanding as to the limited purpose of such evidence.

No error appearing, the conviction must be sustained. Judgment affirmed.

Mr. Chief Justice Adams not participating.