No. 13,705.

WEBB v. PEOPLE.
(49 P. [2d] 381)

Decided August 19, 1935.   Rehearing denied September 16, 1935.

Mr. NATHAN R. KOBEY, Mr. WILLIAM A. LEWIS, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE defendant Webb was tried on a charge of assault with intent to commit robbery, and, upon verdict of guilty, was sentenced to the penitentiary. He prosecutes error.

Counsel rely for reversal upon four alleged errors of the trial court, namely: (1) Admission of evidence concerning an alleged similar offense; (2) giving what is claimed to be an erroneous instruction on similar offenses; (3) permitting certain cross-examination of the witness Cook; and (4) improper closing argument by the district attorney.

1. The evidence complained of concerning another offense dealt with a robbery alleged to have been committed in Denver upon one Blodheim on September 8,

1934. In the case at bar the defendant was accused of an assault with intent to commit robbery upon one Morris Miller exactly a week later, also in Denver. Aside from the fact that the defendant was stated to have been on each occasion one of two men who were said to have joined in the crime (with no identification of the men who are declared to have so accompanied him and who are not even suggested to have been the same person), there was no similarity between the cases. In other words, the earlier supposedly similar offense was entirely independent of the later one and disconnected therefrom. They were separated by a full week of time, they were perpetrated within the most populous city of Colorado in two distinct and separate places, the manner of their commission was utterly different in the first instance from the second, and the two victims were strangers to each other. The very identity of the defendant was sharply in issue, the complaining witness affirming it without corroboration, the defendant denying. In connection with neither case was any loot found in the defendant's possession, nor is any confession or admission of guilt claimed to have been made by him. In the present case, the only one tried, he presented evidence of an alibi through the testimony of apparently disinterested witnesses.

In *Warford v. People,* 43 Colo. 107, 112, 96 Pac. 556, 558, we said: "The general rule is, that evidence is not admissible which shows, or tends to show, that the accused has committed a crime wholly independent of the offense for which he is on trial. The reason for the rule is, that no person shall be convicted of an offense by proving that he is guilty of another. Evidence of such character creates a prejudice in the minds of the jury against the accused, and the rule should, therefore, be strictly enforced in all cases where applicable."

It is true that there are exceptions to this rule, as we in the Warford case and others have shown. Thus by way of exception a similar offense may be proved, in certain fairly well defined cases, to establish intent, or motive, or

plan and system, or even identity. The Warford case was itself clearly within the principle of the exceptions. We there quoted with approval from *Commonwealth v. Ferrigan,* 44 Pa. St. 386, a passage announcing that "where the facts and circumstances offered in evidence amount to proof of a crime other than that charged, and there is ground to believe that the crime charged grew out of it, or was caused by it, such facts and circumstances may be admitted to show the *quo animo* of the accused." See also *Jaynes v. People,* 44 Colo. 535, 543, 99 Pac. 325; *Cargill v. People,* 73 Colo. 218, 220, 214 Pac. 387; 16 C. J. 610 and 611, §1196. The decision in *Longwell v. People,* 95 Colo. 403, 36 P. (2d) 458, cited by the people, is not inconsistent. There, as the record on file in this court shows, the two offenses were similar, for instance, in respect of the victim, as well as in respect of the ownership and the recent possession of each portion of the victim's property, and so fell easily within the principle of the exceptions.

In the case at bar the district attorney offered the evidence of the alleged similar offense for the purpose, as he expressed it, "of showing intent to commit robbery, and for that purpose only." It was thereupon admitted, over the defendant's objection, but limited to the special purpose stated. It is at once apparent, by even a casual comparison, that this is not a case in which such evidence could possibly have a proper bearing on the question of intent. There is no logical connection conceivable between the two independent offenses. The situation is clearly distinguishable from those in various cases cited by the people, where we have sustained the admission of similar-offense evidence under the exceptions above noted; and a further discussion of them is unnecessary. The admission of such evidence in the present instance was reversible error.

■ 2. The prejudice thus inflicted by admitting the evidence as to an alleged similar offense was not in any way removed or justified. On the contrary, the lower

court not only allowed the evidence to go before the jury, but it proposed to give in unrevised form a familiar instruction obviously framed at some time as a sort of omnibus instruction covering nearly all the possible purposes—combined—of similar-offense evidence. It was as follows: "There is some evidence with reference to another transaction than that charged in the information. This evidence is admissible only as bearing upon the question of intent or motive of the defendant in connection with the crime here charged or of whether or not the defendant had a plan or design to produce a result of which the act charged in the information was a part, and you can consider such evidence for no other purpose. The defendant cannot be tried for or convicted of any offense not charged in the information." To this the defendant specifically objected, saying: "Defendant objects to the giving of Instruction No. 11 as it is now phrased, namely, that evidence of another transaction is introduced 'only as bearing upon the question of the intent or motive of the defendant in connection with the crime here charged or of whether or not the defendant had a plan or design to produce a result of which the act charged in the information was a part, and you can consider such evidence for no other purpose.'

"It is the contention of the defendant that this evidence was introduced by the District Attorney solely for the purpose of showing intent; that purpose was announced by the District Attorney when the evidence was admitted by the Court, and for that sole purpose; no mention was made of a plan or design, nor does the testimony tend to show any plan or design; and defendant excepts to that portion of the instruction."

The objection, though good, was disregarded. The instruction was given unmodified, in spite of the fact that there was nothing in the evidence to indicate the kind of "plan or design" which can be proved under the recognized exception. This, too, was reversible error.

■■ 3. Another error assigned was upon the cross-

examination of the witness Cook. It was not preserved by proper exception, and the defendant therefore is not entitled, as a matter of right, to have it considered. However, since the judgment must be reversed on other grounds, and the question raised may thus arise in another trial, we shall briefly consider it to enable the district attorney to guard against a repetition of error. There had been properly elicited, in cross-examination of the witness, the fact that he had been convicted of a liquor violation ten years before, a point entirely relevant to the issue of his credibility. He was then repeatedly asked whether he had been "addicted to narcotics" at the time of the conviction, and also whether he was in possession of narcotics at that time. Assailing the credibility of witnesses by questioning them about their supposed weaknesses, misdeeds and misfortunes, short of crimes whereof they have been convicted, and wholly unrelated to the issue which is being tried, is all too common. It is a violation of sound and salutary rules of evidence. Such practice is vicious in its inevitable tendency to prejudice both the party and the witness, and counsel are expected to refrain scrupulously therefrom and thus to observe the spirit as well as the letter of the law.

4. Like the assignment of error just discussed, the error assigned upon the alleged improper closing argument of the district attorney is not sufficiently preserved in the record to require us to pass upon it. In the absence of the context or a clear presentation of the actual situation, we cannot be certain that the district attorney went beyond appropriate limits. Furthermore, it is not shown that any objection was made at the time the words now criticised were spoken. Such an objection should always be promptly interposed in order that the trial judge may have a reasonable opportunity to see that counsel stay within proper bounds.

Because of the above mentioned error in admitting evidence of a supposedly similar, but really independent and disconnected, offense, and because of the error in

268

giving the erroneous instruction on similar offenses, heretofore discussed, the judgment of the district court must be reversed and the case remanded for a new trial.

Judgment reversed.

Mr. Justice Hilliard, sitting for Mr. Chief Justice Butler, and Mr. Justice Holland concur.