No. 13,943.

MUNFRADA ET AL. *v.* THE PEOPLE.
(60 P. [2d] 223)

Decided August 10, 1936.

Mr. L. C. KINIKIN, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. WALTER F. SCHERER, Assistant, for the people.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

TONY Munfrada and R. D. Garretson were convicted of larceny of seed potatoes of the value of $31.25. The former was sentenced to the reformatory; the latter, to imprisonment in the penitentiary for not less than one year nor more than five years. They seek a reversal of the judgment.

It is necessary to consider only one of the assignments of error. We quote from the cross-examination of Munfrada.

"Q. Did you get any tires from the Speedway people here last year, unknown to them, that you later agreed to take up? A. No, you have got that wrong.

"Q. Where did you get them? A. I just traded a tire in.

"Q. With whom?

Objection. Not proper cross-examination: has nothing to do with this case.

"Q. You were arrested and taken in custody by Mr. McAnally?

"Court. Objection overruled. Exception.

"A. There were no papers shown me.

"Q. Were you taken in custody by him?

"A. I came to town, yes sir.

"Q. At whose request? A. At his, I expect.

"Q. Whose? A. Mr. McAnally's.

"Q. You expect—don't you know? A. Yes, sir.

"Q. What did he have you come in for? A. On account of the tires.

"Q. What was the solution of it? A. Well, I just returned the tire I got at the other garage.

"Mr. Kinikin: Now, if the court please—

"Court: Objection overruled.

"Mr. Kinikin: Save an exception.

"Q. You had bought tires from him? A. No, it was just one tire.

"Q. And you took it back?

"Mr. Kinikin: Now, if your honor please, there has been no arrest, no trial, and no conviction: We object—

"Court: The objection is overruled.

"Mr. Kinikin: Save an exception.

"Q. How did you get that tire? A. I just put it in the car. The way I got the tire in the first place, I come up here to get gas—my brother and I * * * And the tire was laying there. And I had been good friends with Ray, and I put it in the car just for a joke. I was going to bring it back."

The overruling of the defendants' objection to this line of cross-examination is assigned as error.

Referring to this assignment, the Attorney General says in his brief: "The rule is well settled in this state that evidence is not admissible which shows, or tends to show, that the accused has committed a crime wholly independent of the offense for which he is on trial. The reason for the rule is, that no person shall be convicted of an offense by proving he is guilty of another. Evidence of such character creates a prejudice in the minds of the jury against the accused, and the rule should, therefore, be strictly enforced in all cases where applicable. Warford v. People, 43 Colo. 107, 96 Pac. 556. Webb v. People, 97 Colo. 262, 49 Pac. (2d) 381. The exceptions to the foregoing rule have no application to the case at bar."

With commendable frankness, the Attorney General adds: "If this court should determine that the questions relating to the tire theft materially prejudiced both defendants, we cannot honestly urge that the convictions herein be affirmed."

That such cross-examination was improper does not admit of doubt. That it was prejudicial to Munfrada is equally clear. Considering the connection between him

and Garretson, as disclosed by the record, we are satisfied that the latter also was prejudiced thereby.

The judgment is reversed, and the cause remanded for a new trial.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE HILLIARD concur.