No. 16,028.

MOLTON v. THE PEOPLE.
(193 P. [2d] 271)

Decided April 19, 1948.

Mr. WILLIAM L. RICE, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of assault to commit rape and sentenced to the penitentiary for a term of two to four years. To review that judgment he prosecutes this writ and assigns eight alleged errors: 1. The crime was not proven "beyond a reasonable doubt"; 2. The same in other words; 3. Exclusion of evidence of "the reputation of the complaining witness concerning sobriety and temperance"; 4. Permitting cross-examination of defendant as to whether he "had ever been in trouble"; 5. Permitting defendant to be cross-examined as to whether he had been arrested in San Diego, California, "on the charge of assault to rape"; 6. Overruling defendant's motion for a directed verdict; 7. Accepting verdicts which disclosed the jury's failure to find on simple assault; 8. Overruling defendant's motion for a new trial. Assignments 1 and 2 require no comment since the evidence was conflicting, and whether it established

defendant's guilt beyond a reasonable doubt was a question solely for the jury.

Assignment 3 is not good because it goes to an immaterial matter.

Assignment 4 is not good because defendant had testified that he had never before "been in trouble," and that question was relevant as will hereinafter appear.

Assignment 5 will hereinafter be treated separately.

Assignments 6 and 8 go simply to the question of the sufficiency of the evidence and are hereinafter considered.

Assignment 7 is not good because there was not a shred of evidence to support the charge of simple assault and no verdict thereon should have been submitted to the jury.

This leaves for consideration only, 1. Sufficiency of the evidence and 2. Assignment No. 5.

1. The prosecuting witness, Jeane Grant, gave positive and detailed evidence of a brutal beating and an actual rape and the record discloses many attendant and undisputed facts in corroboration. Following the attack she made desperate efforts to have officers called and finally succeeded. They found her hysterical, disheveled and bleeding from numerous head wounds. Defendant was finally located in bed and taken into custody. He was smeared with blood and when questioned by the officers admitted the crime and corroborated the prosecuting witness as to its details. He did not sign the confession. On the stand he admitted having made it, but repudiated it as false. There is no possible doubt of the sufficiency of the evidence to support the verdict.

2. Defendant's only explanation of having made what he asserted on the stand was a false confession was that he had never before been in trouble and so was frightened into admitting the charge. There is neither evidence nor claim of extortion or any "third degree" methods in securing this confession. If he had

in fact theretofore been in serious trouble with the law his excuse failed and his confession stood against him. Hence cross-examination on that question was proper. The only point requiring notice here arises from a single question propounded to him by the district attorney. Defendant admitted an arrest in Denver but said he didn't consider that as trouble. He was first asked, "Were you in trouble in California in 1944"? An objection was made thereto and court and counsel adjourned to chambers for its consideration where the following proceedings, inter alia, occurred.

"Mr. Ruston: [For the People] I was going to ask if he was accused of assault to rape in September, 1944.

"Mr. Rice: [For the Defendant] How are you going to prove it if he denies it?

"Mr. Ruston: If he denies it I can't prove it.

\* \* \*

"The Court: I believe you can ask the question, \* \* \*.

"Mr. Rice: Show our objection to the question and especially after counsel's statement that he can't offer any proof to show he was arrested and accused of assault to rape.

\* \* \*

"The Court: \* \* \* I am inclined to overrule the defendant's objection on the theory he opened the door himself \* \* \*. I believe I will allow him to ask the question."

Thereupon the jury was recalled and the trial resumed.

Again:

"Q. [By Mr. Ruston] And on August 22, 1944, you were charged with assault to commit rape in San Diego?

"A. No, I wasn't.

\* \* \*

"Q. And you weren't arrested for drunk in San Diego on March 3d, wasn't it, 1946?

"A. Yes."

In open court prior to the conference in chambers, and

thereafter, and here, counsel for defendant misinterprets the purpose of this cross-examination and hence his argument, and in general his authorities, are not in point. He assumes that the rule concerning impeachment of a defendant by showing former convictions is the one involved and insists that the only permissible question was, "whether or not he has ever been convicted of a crime." To the contrary, the purpose was to test the truth of his excuse for having made a false confession, hence the applicable rule is simply the usual one concerning cross-examination on matters testified to by a witness on direct. "The extent to which counsel may go upon cross-examination in such matters is largely within the discretion of the trial court. We cannot say that the court abused its discretion in the respect referred to." *LeMaster v. People,* 54 Colo. 416, 423, 131 Pac. 269; *Dively v. People,* 74 Colo. 268, 220 Pac. 991; 2 Wigmore on Evidence, Sec. 944. To the contrary defendant cites *Webb v. People,* 97 Colo. 262, 49 P. (2d) 381. There, however, the evidence under consideration concerned matters "wholly unrelated to the issue which is being tried."

On cross-examination defendant admitted, contrary to his testimony in chief, that he had at least one brush with the law. The matter was clearly within the discretion of the trial court and we detect no abuse. This is particularly true in view of the fact that considering the whole record it is difficult to imagine that any reputable jury could have returned defendant not guilty regardless of whether or not he had theretofore been in trouble, and even had the evidence disclosed that he had previously possessed a spotless reputation. Hence assignment No. 5 is unsupported.

The record presented in this case is very unsatisfactory. It discloses that the cause was badly tried from every standpoint. The proceedings do not appear consecutively and the indices to record and briefs are undependable.

■ Another deplorable situation is disclosed. The crime charged was committed on February 7, 1947. The trial began on April 1, following, and consumed approximately one and one-half days. Counsel was given twenty days in which to file his motion for a new trial. It was filed April 22, heard May 5, and denied May 10, and 60 days granted for a bill of exceptions. June 24, defendant was sentenced and time for a bill of exceptions was extended 60 days from that date. July 7, the bill and record were tendered to the trial judge. August 15, time was extended to November 10. November 8, it was lodged with the clerk of the trial court. November 10, time was extended to December 10. November 21, the record was certified. December 10, time was further extended to January 10, 1948, when it was further extended to February 10, and on that date it was further extended to March 10. The record was filed here March 9, 1948, and the reply brief was filed March 27, following. Both the people and the defendant requested final disposition on the application for supersedeas.

If it be true, as is generally conceded, that prompt disposition of criminal cases constitutes one of the chief deterrents to crime, the record of this cause certainly constitutes an encouragement. It fails to reveal any excuse for the long delay and is by no means the sole instance of such deplorable dilatory tactics coming to our notice in criminal cases brought here for review. We trust trial courts will take due notice and use their best efforts to remedy this growing evil.

Finding no reversible error in the record the judgment is affirmed.