## No. 18,634.

BOBBY RAY BROWN *v*. PEOPLE OF THE STATE OF COLORADO.
(332 P. [2d] 996)

Decided December 22, 1958.

Mr. BOBBY RAY BROWN, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, was convicted of the crime of burglary and sentenced to the state penitentiary for a term of not less than three nor more than five years. Motion for new trial was filed and overruled, and defendant brings the cause here for review by writ of error.

In addition to the several general statements which have no legal significance, the "Assignments of Error" relied on by defendant contains the following:

"1. The court committed prejudicial error in not declaring a mis-trial when People's witness, Detective Becker, testified to his investigation of another burglary (fol. 93).

"2. The court committed prejudicial error in permitting People's witness, Detective Becker, to testify to hearsay evidence (fol. 102).

\* \* \*

"4. The court committed prejudicial error in not declaring a mis-trial after the court had ascertained that Chief of Police, Karl Johnson (fol. 190), and Detective Fritz Becker (fol. 193) had spoken to members of the jury during the course of the trial.

"5. That the verdict of the jury is contrary to the evidence and not supported by the evidence."

With reference to Assignment No. 1, the district attorney asked a question of the witness Becker and received an answer, as follows:

"Q. Did you investigate a burglary of the Ed Eisenhaur Motor Company? A. Yes."

"MR. ELA: I object to this line of questioning until it

has been established as to the purpose for which it is being introduced. I would like to have the hearing out of the presence of the jury."

The court granted the request and out of the presence of the jury it developed the district attorney intended to introduce evidence of a similar offense, but the court refused to let him do so. Upon returning to the presence of the jury, no further mention was made of the matter, nor did the defendant request that the jury be instructed to disregard the question and answer.

■ Defendant now contends that failure of the trial judge to instruct the jury to disregard the one question and answer was prejudicial error. Even if this contention were correct, failure to request such instruction constitutes a waiver thereof and cannot now be raised. The assignment is without merit.

■ With relation to Assignment No. 2, suffice it to say that the alleged hearsay testimony referred to was brought out by defendant's counsel on cross-examination of detective Becker. The alleged hearsay consists only of the evidence given by the detective that he had been shown a footprint which the deputy sheriff had told him had been picked up in the building which was burglarized, and there was ample additional competent evidence concerning the footprint thus mentioned. The assignment is without merit. The testimony to which objection is now made was in direct response to a question by counsel for defendant and he may not now complain that the answer was not to his liking. *Thomas v. Seloom,* 80 Colo. 189, 250 Pac. 381.

The error assigned for failure of the trial court to declare a mistrial is also without merit. One witness for the people at a noon recess of the court "said hello or good morning, or something to that effect" to some members of the jury. Another witness for the people said that he did likewise and may have asked another member of the panel if he came in from the ranch that morning and how the roads were. All this was permitted to

pass without notice or mention until after the verdict, and appears for the first time in the motion for new trial. How the court should have declared a mistrial when the incidents complained of were not brought to its attention until the motion for new trial was filed, is difficult to understand. The motion for new trial was properly denied.

■ The last assignment above mentioned raises the question of the sufficiency of the evidence. There was an abundance of evidence which established beyond any possible doubt that the building of General Equipment Company was burglarized; that a cigar box containing rare coins and an envelope containing commemorative stamps were stolen therefrom; that the defendant was apprehended shortly thereafter and had in his possession the box and envelope containing the money and the stamps. Heelprints left on papers strewn on the floor of the burglarized building matched the heelprint of a shoe worn by defendant when he was apprehended.

The jury, we think, rightly gave no credence to the story related by defendant that he acquired the box, the rare coins and the stamps in a poker game with strangers.

■ In *Longwell v. People,* 95 Colo. 403, 36 P. (2d) 458, it was held that in a prosecution for burglary, the identity of stolen property, effect of proof of recent possession thereof by defendant, and whether his explanation as to the manner in which it was acquired is satisfactory, are questions for the jury, and its conclusions thereon will not be disturbed on review.

The judgment is affirmed.