544

## No. 20765.

### Fred Ager *v.* Loral Adams.
(395 P.2d 735)

Decided October 13, 1964.

Messrs. Murphy, Morris & Hodson, for plaintiff in error.

Messrs. Rector and Kane, Mr. Jerry Alan Donley, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE McWILLIAMS.

LORAL ADAMS brought an assault and battery action against Fred Ager, alleging that he suffered severe injuries to his person and incurred certain medical expenses as a direct and proximate result of Ager's striking "the plaintiff around his face and person." By answer Ager denied all, and by supplemental answer averred that he "acted solely in self defense." Trial by jury resulted in a verdict in favor of Adams and against Ager, the jury assessing Adams' damages in the amount of $4,535.00. A judgment in accordance with the jury's verdict was duly entered and Ager's motion for judgment notwithstanding the verdict or for a new trial was later denied.

By writ of error Ager now seeks reversal of the judgment and as grounds therefor contends as follows:

1. Adams "failed to establish and prove venue," i.e. that the alleged assault and battery took place in El Paso County, and hence Ager's motion for judgment notwithstanding the verdict of the jury should have been granted; and

2. the trial court erred in improperly limiting and restricting cross-examination of Gale Adams, wife of the plaintiff.

We conclude that neither of these assigned grounds of error is possessed of merit and we shall briefly state our reasons for so concluding.

6 C.J.S. p. 833-834 states that inasmuch as an action of assault and battery is transitory in nature, as opposed to local, it may be tried in any court having jurisdiction of the person of the defendant and the subject matter. In the instant case there is no dispute but that the trial court had jurisdiction over Ager's person and that it also had jurisdiction of the subject matter sought to be litigated. Indeed, Ager concedes such to be the case, but argues that though the trial court may

546

well have possessed the requisite jurisdiction to hear the controversy, Adams as a part of his case must nonetheless prove that the alleged assault and battery occurred in El Paso County. Having failed to establish by competent evidence that such was the case, Ager claims that judgment should have been entered in his favor notwithstanding the verdict of the jury. It is to be noted, in passing, that Ager first urged the failure of Adams to prove the place where the assault occurred in his motion for a judgment notwithstanding the verdict of the jury, i.e. the matter was *not* urged at any time during the trial proper. Counsel for Ager confesses an inability to find any authority in support of this contention, nor has our own search disclosed any. On the contrary, the authorities indicate that the plaintiff in an action of assault and battery need *not* establish the situs of the assault.

In *Parker v. Mather*, 59 S.W. 2d 961, a civil action to recover damages for personal injuries arising out of an assault and battery, it was stated that "it is immaterial where . . [the] wrong was committed" and that "a wrong being personal, redress may be sought for it wherever the wrong-doer may be found." To like effect, see *Lillibridge v. Barber*, 11 A. 850. We conclude that the failure, if such it was, of Adams to prove that the assault and battery occurred in El Paso County is immaterial and of no legal significance.

Upon cross-examination of Gale Adams, wife of plaintiff, counsel sought to establish that some three years prior to the alleged assault Mrs. Adams had caused her husband to be committed to a hospital as an alcoholic, counsel stating to the trial court that he had the right to thusly cross-examine for the purpose of attacking the credibility of the plaintiff. On objection, the trial court refused to permit this line of questioning, holding that such was immaterial. We perceive no error in this order of the trial court.

Examination of a witness, be it direct or cross,

must pertain to material matters and the answer here sought to be elicited is completely immaterial. In *Webb v. People,* 97 Colo. 262, 49 P.2d 381, we disapproved of the action of a trial court in permitting a witness over objection to be cross-examined as to possible addiction to narcotics in the following emphatic language:

"Assailing the credibility of witnesses by questioning them about their supposed weaknesses, misdeeds or misfortunes, short of crimes whereof they have been convicted, and wholly unrelated to the issue which is being tried, is all too common. It is a violation of sound and salutary rules of evidence. Such practice is vicious in its inevitable tendency to prejudice both the party and the witness, and counsel are expected to refrain scrupulously therefrom and thus to observe the spirit as well as the letter of the law."

Our examination of the record amply convinces us that the sole purpose of this question as to a prior commitment of Adams for alcoholism was to embarrass him, that it was designed to prejudice his case in the eyes of the jury, and did not relate to any material matter then in issue.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.