No. 22059.

STEWART HAWKINS, JR. *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(423 P.2d 581)

Decided February 14, 1967.

WALTER F. SCHERER, for plaintiff in error.

BERT M. KEATING, District Attorney, GREGORY A. MUEL-
LER, Assistant, HARRY G. TITCOMBE, JR., Deputy, for de-
fendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, Stewart Hawkins, Jr., was convicted in the district court of the crimes of forgery and conspiracy to commit forgery. From these convictions and concurrent sentences imposed thereon, Hawkins brings writ of error.

The record discloses that on October 20, 1964, the defendant applied to one Naomi Distasi to cash a check. The alleged maker of the check disclaimed the signature as his and testified that he had not authorized anyone to sign the check in his behalf.

At the close of the People's case, the defendant took the stand in his own behalf. He testified that he had received the check in payment for money owed him by one Jerry Gay and disclaimed any knowledge of its forged character.

On direct examination, Hawkins' trial counsel (who is not counsel here), inquired if he had ever been convicted of a felony to which Hawkins replied that he had. He was then asked if he had been involved in "minor scrapes with the police department" and he answered that he had.

Upon cross-examination, and over objection by Hawkins' counsel, the district attorney was permitted to place in evidence defendant's record of arrests for investigation of various charges, hold orders, vagrancy convictions, convictions of abusive language, conviction of traffic violation, etc., stretching over a period of twelve years prior to the trial.

■■ The universal and well-understood rule is that evidence of general depravity is not admissible to prove the guilt of one charged with a crime. While a defendant who takes the stand may be impeached in this state by showing former convictions of a felony, the rule does

not extend to admission of acts or occurences which show bad character on the part of the defendant. See, *Munfrada v. People*, 99 Colo. 80, 60 P.2d 223; *Jaynes v. People*, 44 Colo. 535, 99 Pac. 325.

■ We are not unaware of *Molton v. People*, 118 Colo. 147, 193 P.2d 271, cited by the People as justifying the course of conduct employed by them in this case. The fact situation was completely different there. In *Molton*, the defendant contended that he had no prior experience with police and was therefore frightened into an untrue confession. Under such circumstances, evidence of arrests was admitted to show the contention was untrue. Here no issue was made by Hawkins based on former arrests or minor convictions. He, in fact, stated on direct examination that he had prior contacts with the police as well as having been convicted of a felony. Evidence of sixteen former arrests and some convictions of minor law violations was extraneous to the issues presented in the matter on trial, and its admission constituted fundamental error.

The judgment is reversed and the cause remanded for a new trial.