## No. 26557

**The People of the State of Colorado v. Anthony L. Broncucia**

(540 P.2d 1101)

Decided September 15, 1975.                    Rehearing denied October 20, 1975.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, James W. Wilson, Assistant; Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellee.

Edward B. Towey, Ruthanne Gartland, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is a companion case to *People v. Ciari,* 189 Colo. 325, 540 P.2d 1094, and *People v. Quintana,* 189 Colo. 330, 540 P.2d 1097, announced contemporaneously with this opinion. Defendant appeals from convictions of perjury, and conspiracy to commit perjury. We reverse as to the perjury conviction and affirm as to the conspiracy conviction.

An extradition hearing was held upon one Griswold's application for a writ of habeas corpus contesting Griswold's extradition to Nevada for criminal proceedings against him involving an alleged "diamond switch." The evidence shows that the defendant gave Griswold a receipt for expenses resulting from a birthday party which was supposed to have been held at the defendant's place of business, Mickey's Inn, in Denver on February 7, 1970. The receipt was introduced at the extradition hearing for the purpose of showing Griswold's presence in Denver on the day of the alleged diamond switch. Although defendant declined to testify at the extradition hearing, he did testify at subsequent grand jury proceedings. This testimony, the People allege, corroborated the testimony given by alleged co-conspirators at the extradition hearing, all of which supported Griswold's alibi.

The resulting grand jury indictment, alleged that defendant committed perjury by testifying falsely before the Denver Grand Jury as follows:

"Q Specifically, Mr. Broncucia, relating to the date of February 7th, did you see Mr. Griswold·on that date?

"A Well, if you can allow me to explain a little bit.

"Q Yes, if you would, please.

"A I don't particularly know whether that's the particular date. I know he was there on a Saturday, but actually the date, I don't recall it, you know.

"Q I see. What do you recall about whatever date it was that he was there?

"A Well, they were there, and he had a party. I believe it was a birthday party for his girlfriend or wife.

"Q Would that be Linda Wilson?

"A I don't know.

"Q Could you describe that girlfriend?

"A I sure couldn't.

. . . . . . . . . . . . . . . . . . . . . . .

"Q Did you know any of the people there?

"A Yes, some of them.

"Q And who were the names that you recall?

"A Robert Quintana was present, but I wasn't — I am divorced, and I get my child weekly, and I wasn't present at the party all day long or anything. I just —-

. . . . . . . . . . . . . . . . . . . . . . .

"Q Do you recall what kind of party it was specifically?

"A It was a birthday party.

"Q Now, let me make sure before we conclude that I understand your testimony. Your testimony is that on the date of the party in February 1970 — and you are not sure whether that's the 7th, but you are sure it's a Saturday —-

''A I'm sure it's on a Saturday, and I'm almost sure it's February. I guess I could be wrong and that it could be the last Saturday of January or something like that, but —-

"Q But there was a party Mr. Griswold gave for some young lady and at this party you gave him a receipt before he left Mickey's Inn that date?

"A Yeah.

"Q And the receipt is not the same receipt as we have here today before you, Grand Jury Exhibit A?

. . . . . . . . . . . . . . . . . . . . . . .

"Q That you did give him a receipt on that date?

"A I gave him a receipt on the day of the party."

I.

■ Defendant contends that the perjury charge failed to set forth with sufficient specificity the falsity of the defendant's statements so as to enable him to prepare his defense. We agree.

The device by which the defendant was charged with perjury in the indictment was a verbatim partial transcript of the defendant's actual tes-

timony before the grand jury. There was no averment of fact to demonstrate the falsity of the testimony on which the charge was based. The failure to aver the true facts has been held to be proper when the truth of the disputed matter was clear by "necessary implication" so that the defendant will be apprised of the reasons for his statements being charged as false. *People v. Mazza*, 182 Colo. 166, 511 P.2d 885 (1973). Here, however, in the light of the defendant's equivocations and the failure of the People to prove the falsity of the defendant's equivocal testimony, his conviction of perjury cannot stand.

II.

The defendant asserts that the charge in Count Ten is fatally defective in that it is duplicitous, *i.e.*, it charges two separate and distinct crimes of conspiracy in one count. *See Marrs v. People*, 135 Colo. 458, 312 P.2d 505 (1957). Count Ten charged a conspiracy to commit perjury between February 7, 1970, and August 1, 1973. He contends that Count Ten in fact charges two separate and distinct conspiracies: one, to commit perjury at the extradition hearing, and, two, to commit perjury during the grand jury proceedings. He argues that the object of the first conspiracy was to prevent the extradition of Griswold, while the object of the second conspiracy, if there was one, must have been to avoid criminal prosecution.

In a prosecution for conspiracy, considerable latitude is allowed because of the inherent problems of proof involved in proving a crime, the veil around which is secrecy. This court, in *People v. Incerto*, 180 Colo. 366, 505 P.2d 1309 (1973), stated:

"Since conspiracy is a crime that is born in secrecy and bred in the alleys of deceit, it is often impossible for the prosecution to define the four corners of a conspiracy, either as to members or as to objects. Often, the prosecution cannot determine the extent of a conspiracy or the identity of the members of the conspiracy at a particular time until all the evidence is in."

In this case, as in *People v. Incerto, supra*, the defense was not surprised by the proof, nor were the substantial rights of the defendant affected, and thus reversible error did not occur.

The defendant made a motion for a bill of particulars as to Count Ten, which motion was granted. The resulting bill of particulars set forth that the defendant executed and delivered a receipt dated February 7, 1970, and attended meetings between the coconspirators, all before the date of the extradition hearing. This gave the defendant adequate notice as to the charge the People would attempt to prove — a conspiracy to commit perjury at the extradition hearing.

Included in the bill of particulars, was the allegation that the defendant gave false testimony before the Grand Jury on July 14, 1972. This statement was not improperly included against the defendant as it tended to show his participation in the conspiracy, even though the object of the conspiracy charged (the defeat of the extradition of Griswold) had by that time failed.

Moreover, the court instructed the jury that the conspiracy charge related to the extradition hearing, thereby avoiding the possibility that the defendant could have been convicted of conspiracy to commit perjury before the Grand Jury.

We find no substantial prejudice in the charge or in the instruction and, therefore, affirm.

The judgment is reversed as to perjury and is affirmed as to the conspiracy conviction, and the cause is remanded for disposition consonant with the views expressed in this opinion.

MR. JUSTICE ERICKSON recuses himself.