MR. JUSTICE GROVES
delivered the opinion of the Court.
This opinion is announced simultaneously with People v. Quintana, 189 Colo. 330, 540 P.2d 1097 and People v. Broncucia, 189 Colo. 334, 540 P.2d 1101.
The defendant (Ciari), Robert Quintana and five other individuals were charged with perjury and conspiracy to commit perjury. The defendant and Quintana were tried together, and the defendant was found guilty of perjury. Quintana was found guilty of both perjury and the conspiracy. They filed separate appeals and, while these were consolidated for oral argument, we write separate opinions. Defendant’s appeal is based upon the trial court’s failure to grant a trial severance, and its rulings on admissibility of certain evidence. Further, the defendant alleges prejudicial impeachment of one of his witnesses. We affirm.
Allegedly, on February 7, 1970, Robert Griswold and Linda Torneo, performed a “diamond switch” in a jewelry store in Reno, Nevada, substituting imitations for real diamonds; and fled that state, returning to Colo *327 rado. Nevada requested extradition in Colorado, which Griswold contested under application for a writ of habeas corpus. At the hearing on March 23, 1972, a number of witnesses appeared for Griswold, including the defendant. Each of Griswold’s witnesses testified to the effect that Griswold was in Colorado on February 7, 1970. The defendant testified that he had seen Griswold in the defendant’s automotive shop on February 7, 1970, and that he had given Griswold a statement for repairs at that time. Subsequently, all of Griswold’s alibi witnesses were indicted for perjury and conspiracy to commit the same at the extradition hearing.
At trial the People called the jeweler from Reno who was the victim of the diamond switch. He testified that the theft had occurred and that the date of the theft was February 7, 1970. He also identified Torneo and Griswold as the thieves. An F.B.I. agent testified that a search of Gris-wold’s car in Denver produced a diamond. The jeweler testified that it appeared to be the diamond stolen from his store.
The principal witness relied upon by the People was Linda Torneo, who had also been indicted earlier for perjury at the extradition hearing. She met with prosecuting attorneys in the Griswold case and agreed to testify against Griswold and other defendants in exchange for immunity. Subsequently, the court granted her immunity and ordered her to testify.
She testified that she had been a participant in Griswold’s diamond switches in Nevada, as well as in several other states, and further that she had become involved in other criminal activity. She gave a detailed account of the diamond switch of February 7, 1970, in Reno. She testified that she had later accompanied Griswold on a number of occasions when he sought witnesses to provide testimony at the extradition hearing which would support his claim that he was in Denver on February 7, 1970. She testified that the alibi was fabricated; and that, after she was promised immunity, she contacted the defendant and Quintana, engaging each of them in conversations which she secretly recorded. She further testified as to acts and statements of other members of the conspiracy. She also testified that, at a meeting of Griswold, the defendant and herself, Griswold said to the defendant, “Don’t forget the date — February 7, 1970.”
I.
The defendant first contends that the court erred in failing to grant his motion for severance, asserting that he was erroneously prejudiced by the admission of evidence which would not have been admissible against him in a separate trial. This evidence was testimony by Torneo as to conspiratorial statements and acts of other alibi witnesses. He cites Crim. P. 14 which states in pertinent part:
“If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses or of defendants in any indictment or information, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires. However, upon motion any defendant shall be granted a separate trial as of right if the court finds that the prosecution *328 probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant.”
The defendant acknowledges the rule that, if there is independent evidence that a defendant participated in a conspiracy, other evidence — of the declarations of other members of a conspiracy and of acts of other members at which defendant was not present in the furtherance of the conspiracy — is admissible against that defendant. He suggests, however, that if he had been granted a separate trial the independent evidence would not have been sufficient to permit the case to go to the jury. He argues, therefore, that such other evidence of acts and declarations of his alleged conspirators would have been inadmissible against him.
The testimony of Torneo was sufficient independent evidence of defendant’s participation in the conspiracy to take the issue to the jury. She testified concerning several meetings between Griswold, herself, the defendant and the other members of the alleged conspiracy, all, according to her, being subsequent to February 7, 1970. Two of such meetings were held at defendant’s place of business with the defendant present. She further stated that during one of those two meetings, the defendant gave Griswold the statement for repairs on his car, supposedly delivered on February 7, 1970.
The defendant contends that this is merely circumstantial evidence and not sufficient to support a finding of defendant’s participation in the conspiracy. Not so.
“Conspiracy by nature involves secrecy and thus the proof to support a conviction is necessarily indirect. The elements of the crime may be established by circumstantial evidence and the common purpose inferred from the development or combination of circumstances.” United States v. Jackson, 482 F.2d 1167 (10th Cir. 1973), cert. denied, 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111 (1974).
II.
The defendant contends that he was entitled to a mistrial because of the improper cross-examination of one of the witnesses for the defense. After asking the witness his name and date of birth, out of the hearing of the jury the prosecutor told the judge and defense counsel that he had information that the witness was convicted of theft of a motor vehicle in 1970. He inquired of counsel as to whether this were true. Defense counsel said that he had asked the witness, and the witness had said that he had not been involved in anything.
The defendant’s attorney asked for a recess in order that the prosecutor might attempt to establish independently the crime of the witness. The court denied the suggestion of recess and told the prosecutor that he could question the witness concerning the matter. When the witness was asked as to whether he had been convicted of theft of a motor vehicle, he responded that he had, and that it was a misdemeanor. Had there been an objection at this point, it should have been sustained as it is im *329 proper to impeach a witness with convictions short of felonies. Webb v. People, 97 Colo. 262, 49 P.2d 381 (1935). However, absent a contemporaneous objection, this error is not reversible. Brown v. People, 158 Colo. 561, 408 P.2d 981 (1965).
On re-direct examination, an attempt was made to restore the witness’ credibility. Defense counsel asked the witness if he had been in any further trouble since the misdemeanor. The witness responded that he had been in jail a few times. This response was pursued by defense counsel, and the witness stated that he had been mistakenly arrested for aggravated assault.
Upon recross-examination, the prosecutor explored the arrest record of the witness. Although the general rule prohibits impeachment of witnesses with questions concerning arrests, Webb v. People, supra, in this case it was the defense counsel who opened the area of arrests. The applicable rule is that recross-examination may embrace those matters testified to on re-direct examination. Tucker v. People, 136 Colo. 581, 319 P.2d 983 (1957); Molton v. People, 118 Colo. 147, 193 P.2d 271 (1948).
While the failure to give curative instructions would not have constituted reversible error under the circumstances of this case, it should further be noted that they were requested, and that the jury was admonished to disregard the witness’ prior misdemeanor conviction, prior arrests and prior police contacts.
III.
The remaining contentions of the defendant are without merit.
Judgment affirmed.
MR. JUSTICE ERICKSON recuses himself.