The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Lloyd SALDANA, Defendant-Appellant.

No. 81CA0769.

Colorado Court of Appeals, Div. II.

May 12, 1983.

Rehearing Denied June 2, 1983.

Certiorari Denied Sept. 26, 1983.

J.D. MacFarlane, Atty. Gen., Charles Howe, Deputy Atty. Gen., Joel Cantrick, Sol. Gen., Mary G. Allen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hartley, Obernesser & Olson, Dennis W. Hartley, Colorado Springs, for defendant-appellant.

PIERCE, Judge.

Convicted of the illegal sale of cocaine, defendant, Lloyd Saldana, appeals two evidentiary rulings made during his trial. We affirm.

The People called Timothy James, a special agent for the sheriff's department, as their sole witness to the alleged crime. During the cross-examination of James, Saldana's counsel, in an attempt to attack James' credibility, sought to elicit testimony regarding James' past use of marijuana. The People's objection was sustained. No testimony as to personal drug use had been elicited from James on direct examination.

Defendant's offer of proof was to the effect that James had testified at other trials that he did not smoke marijuana, but that other witnesses would testify that they had seen him do so. Thereafter, the People raised a similar objection when Saldana's counsel asked another of People's witnesses to cite examples of James' conduct to illustrate his reputation in the community for truthfulness. This objection was also sustained.

Saldana challenges these two rulings on the ground that the testimony which would have been elicited from either James or the other witness relative to specific instances of conduct would have been probative of truthfulness or untruthfulness, and, therefore, the trial court abused its discretion in barring the testimony.

I.

Prior to the adoption of the Colorado Rules of Evidence, this state adhered to the general rule that evidence of misdeeds was inadmissible for the purpose of attacking a witness' character in regard to his truthfulness. *People v. Taylor,* 190 Colo. 210, 545 P.2d 703 (1976); *People v. Roberts,* 37 Colo. App. 490, 553 P.2d 93 (1976); *see Hawkins v. People,* 161 Colo. 556, 423 P.2d 581 (1967). Saldana argues that CRE 608(b) alters this rule. We disagree.

The rule states as follows:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of a crime as provided in § 13–90–101, C.R.S.1973, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

█ While the rule allows for extrinsic evidence under certain circumstances, it has not materially altered the previously established general rule.

█ Although the right to confront and cross-examine witnesses is generally guaranteed, the extent to which cross-examination should be allowed rests within the trial court's discretion. *People v. Loscutoff,* 661 P.2d 274 (Colo.1983); *People v. Raffaelli,* 647 P.2d 230 (Colo.1982). Under the facts before us, where there was no showing that the proffered testimony would be probative of truthfulness or untruthfulness, the trial court did not abuse its discretion, and properly applied the rule which is basically a codification of principles announced in prior law.

II.

█ The aforementioned rule is also applicable when a witness is called to testify

as to another's reputation for truthfulness and veracity. Here again, specific instances of alleged misconduct cannot be detailed. *People v. Taylor, supra.* Thus, the court's ruling disallowing testimony from the other witness was also proper.

The judgment is affirmed.

SMITH and TURSI, JJ., concur.