No. 15,816.

PEOPLE v. ANDERSON.
(187 P. [2d] 934)

Decided November 24, 1947.  Rehearing denied December 15, 1947.

Mr. WILLIAM B. PAYNTER, District Attorney, Mr. FRANCIS L. SHALLENBERGER, Deputy, Mr. CLARK W. KINZIE, for the people.

Messrs. MUNSON & KREAGER, for defendant in error.

MR. JUSTICE LUXFORD delivered the opinion of the court.

BY direct information filed in the district court of Logan county, at Sterling, Colorado, Charles H. Anderson, defendant in error, to whom we hereinafter refer as defendant, was charged with the crime of perjury. At the trial of the case, when the people completed the presentation of their evidence and rested, on motion of counsel, the court instructed the jury to return a verdict for defendant; the case was dismissed, and defendant discharged. The people bring the matter here for review, alleging that, "The trial court erred in dismissing said cause at the close of the people's case upon the ground that the evidence offered by the people as corroborative of the perjury charge was not sufficient to justify or support a conviction under the rule in perjury cases."

This prosecution grew out of the case of Hoffman against defendant Anderson, that being a civil proceeding in the district court of Logan county, in which judgment was entered against Anderson for the sum of $5,000.00. The judgment remaining unsatisfied, defendant was ordered into court, under Rule 69 (d) Rules of Civil Procedure, "to answer concerning his property." Being duly sworn he testified therein that he had received the sum of $2,500.00 in cash in the sale of his farm, but that immediately thereafter he gave said sum to his son Arthur, who in turn gave $900.00 of it to his brother Walter, and $700.00 to his sister Elsie and kept the balance. The son Arthur called as a witness testified under oath that his father, defendant herein, never gave him $2,500.00 or any other sum of money. The deposition of the daughter Elsie was taken and introduced in evidence wherein she testified that she never received any money from her brother Arthur, was not in Colorado when the farm was sold, and knew nothing whatever about the transaction.

Thereafter, and because of the foregoing, this perjury case was instituted against defendant. The people, to establish their case, introduced in evidence by stipulation, transcript of the testimony of Charles H. Anderson and his son Arthur Anderson together with deposition of his daughter, Elsie Steffen, taken in the case of Hoffman v. Anderson, supra. The people then rested and, as hereinbefore stated, the court sustained a motion to direct the jury to return a verdict for defendant, and dismissed the case.

■ In prosecutions for the crime of perjury, the general rule is, "that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused. * * * The application of that rule in federal and state courts is well nigh universal." *Hammer v. United States,* 271 U.S. 620, 626, 46 Sup. Ct. 603, 70 L. Ed. 1118.

■ It is likewise well settled that to convict of the

crime of perjury, the offense must be proved by the testimony of two witnesses, or the testimony of one witness and by other independent and corroborating circumstances which is deemed of equal weight of the testimony of another witness. This court is committed to that principle. *Thompson v. People,* 26 Colo. 496, 59 Pac. 51. See, also, *People v. Casanova,* 54 Cal. App. 439, 202 Pac. 45; *Goltry v. State,* 24 Okl. Cr. 127, 216 Pac. 485; *Wright v. State,* 30 Okl. Cr. 425, 236 Pac. 633, 634; *Woodward v. State,* 198 Ind. 70, 152 N.E. 277, 278; *Hann v. State,* 185 Ind. 56, 113 N.E. 304; *Yarbrough v. State,* 79 Fla. 256, 83 So. 873, 875. The corroboration of a single witness for the prosecution must contradict in definite and positive terms the statement of the accused. *Goltry v. State,* supra. The evidence urged herein as being supposedly corroborative was given by defendant's daughter Elsie. She, however, testified that she was not in Colorado when her father's farm was sold, but was in Sioux Falls, South Dakota; that she received no money from Arthur and that she knew nothing about the transaction. This, in our opinion, was not such corroboration as could be deemed of equal weight of the testimony of another witness, and was not sufficient to justify or support a conviction under the rule in perjury cases.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.