No. 16,161.

LINDSAY v. THE PEOPLE.
(204 P. [2d] 878)

Decided March 14, 1949. Rehearing denied April 4, 1949.

Mr. Leon Drefke, for plaintiff in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. James S. Henderson, Assistant, for the people.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error will be referred to as defendant and defendant in error as the People.

The defendant, seeking a continuance of trial on an information charging him with obtaining money by means of a confidence game, which was pending in the district court of Logan county, Colorado, on June 11, 1947 filed his affidavit for continuance which is as follows:

"Weslay Rosell Lindsay, being first duly sworn, upon his oath deposes and says:

"That he is the defendant in the above entitled action.

"That affiant cannot safely proceed to trial before several months from this date or possibly at the present term of this court on account of the absence from his permanent home and residence at Sidney, Nebraska, of one Ernest Smith.

"That the said Ernest Smith is a material and essential witness in behalf of this affiant in that his testimony hereinafter stated, will establish the good faith of this defendant and the honest intent of this defendant with regard to the issuance of the check mentioned in

the information and the absence of any intent to unlawfully or feloniously obtain the money of anyone.

"That the said Ernest Smith will testify, and affiant expects to prove by him, that shortly after Thanksgiving of 1946 this affiant engaged and instructed said witness to find a buyer for, and sell, a 16-ft. Case combine thresher, Model P, owned by this affiant, and, after collecting the proceeds of said sale, to deposit defendant's share of the proceeds of said combine to the credit of this affiant in a checking account in the Commercial Savings Bank, at Sterling, Colorado; and that during, or about, the holiday season of Christmas and New Year following said witness informed this affiant that he had obtained a buyer for said combine and that the proceeds of said combine would be forwarded shortly to the said bank for deposit in a checking account to the credit of this affiant.

"That there are no other witnesses by whom the same facts can be proved.

"That this affiant expected that his share of the proceeds of said combine would be at least several hundred dollars.

"That affiant has used due diligence to obtain the presence of said witness at the trial during this month of June 1947, and said witness promised affiant that he would come to Sterling, Colorado, with affiant and testify in his behalf during June of 1947. That said witness is now unavoidably prevented from attending any trial in this court for several months of more, and possibly during the present term of this court, for the reason that in the latter part of May, 1947, said witness left his residence and home at Sidney, Nebraska, by automobile to attend the funeral of his mother in California, and on said trip suffered severe injuries as the result of an automobile accident which occured in the mountains in northern California, one of his legs being crushed and broken, his arm broken, several other bones broken, and he has been hospitalized or bed-rid-

den ever since. That affiant is informed and believes it will be past mid-summer before said witness will be able to return to his home at Sidney, Nebraska.

"That the absence of the said witness has not been procured by the act or connivance of this affiant, nor by others at his request, nor with his knowledge or consent.

"That affiant believes the attendance or testimony of the said witness will be procured at the next term of this court, or perhaps several months from this time.

"That this application is not made for delay merely but that justice may be done.

"Further affiant sayeth not.

"Wesley Rosell Lindsay

"Subscribed and sworn to before me this 11th day of June, 1947.

"Cordelia K. Davis
"Clerk of the District Court."

Trial was had June 24, 1947, resulting in a "not guilty" verdict upon direction of the court.

On July 3, the district attorney in and for the county of Logan, filed a direct information against the defendant charging him with feloniously, wilfully, corruptly and falsely swearing to the affidavit herein above set out. Defendant entered a plea of not guilty; trial was had November 5, 1947, the jury returning a verdict of guilty as charged in the information and sentence for a term in the state penitentiary of not less than five years nor more than seven years was pronounced upon the verdict.

It is universally held that it is perjury to make a false statement in an affidavit on which a motion for continuance is based. This brings the case squarely within section 5, chapter 115, '35 C.S.A., which subjects anyone " * * * who shall so swear or affirm wilfully or falsely, in the matter material to any issue or point in question * * *" to the penalties to be inflicted on persons guilty of willful and corrupt perjury.

■ ■ "In prosecutions for the crime of perjury, the general rule is, 'that the uncorroborated oath of one witness is not · enough to establish the falsity of the testimony of the accused. * * * The application of that rule in federal and state courts is well nigh universal.' " *People v. Anderson,* 117 Colo. 342, 187 P. (2d) 934. In the case of *People v. Anderson, supra,* which was announced five days after defendant was sentenced herein, we said: "It is likewise well settled that to convict of the crime of perjury, the offense must be proved by the testimony of two witnesses, or the testimony of one witness and by other independent and corroborating circumstances which is deemed of equal weight of the testimony of another witness. This court is committed to that principle." We further said, "The corroboration of a single witness for the prosecution must contradict in definite and positive terms the statement of the accused."

If we are to follow the rule thus announced, in face of a positive statute which has been the law of this state since 1877, concerning indictments for perjury and which is as follows: "In all complaints exhibited before the grand jury of any county, they shall hear the witnesses on behalf of the people only, and may find an indictment on the oath of one witness only, or upon the information of two of their own body, except in cases of perjury, when at least two witnesses to the same fact shall be necessary; the foreman of the grand jury may swear or affirm all witnesses that may come before the grand jury." (Section 448, chapter 48, '35 C. S. A.) it would seem incongruous to prosecute and convict on less direct proof than is required to indict, and, therefore, if convictions are to stand under the rule laid down in *People v. Anderson, supra,* then the proof must meet the strict requirement of quality equal to the weight of another witness, where only one witness testifies as to the falsity of the affirmation.

■ The affidavit for continuance shows that the

defendant had dealings with one "Ernest" or "Ernie" Smith concerning sale of a combine and whom he expected to call and use as a witness. At the trial Eugene R. Smith gave the direct testimony as to the falsity of the statement relative to him contained in the affidavit. No other witness testified directly and in corroboration that there were no dealings between Smith and the defendant. There was no direct evidence of independent and corroborating circumstances that even approaches the quality of direct testimony of another witness. No witness testified to any circumstance that would slightly negative the transaction set up in the affidavit and not a word of evidence or any independent circumstance that would corroborate the witness, Eugene R. Smith, who testified as to the falsity. Strict requirement of the rule adopted by this court requires that the proposed corroborative circumstance must be of such direct and positive strength as to be tantamount to the testimony of another direct witness. We do not find any disclosures in the record which give any of the testimony, or circumstantial evidence, such required weight.

Counsel for defendant has relied largely upon the insufficiency of the evidence and that the verdict is contrary to and unsupported thereby. There are other significant assignments of error which, in view of our conclusions herein, it is not necessary to discuss. The motion of defendant's counsel to dismiss the case or direct a verdict of not guilty, made at the close of the people's case should have been sustained. The judgment should be, and accordingly is, reversed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE STONE concur.