## No. 25275

### The People of the State of Colorado v. Frank Mazza
(511 P.2d 885)

Decided July 2, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard T. Spriggs, Assistant, Robert Lehnert, Assistant, for plaintiff-appellee.

Morrato, Gueck & Colantuno, P.C., James J. Morrato, I. Thomas Bieging, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

The defendant, Frank Mazza, was indicted for perjury (C.R.S. 1963, 40-7-1) by the Grand Jury for the City and County of Denver on February 25, 1970. The indictment stated that the defendant appeared before the grand jury on February 24, 1970; was duly sworn; and "feloniously, willfully, corruptly, and falsely" testified to the following effect:

"Q. Mr. Mazza, you realize you are still under the oath you took when you first came into the courtroom?

A. Yes.

Q. And you are still under the Order of Court, Judge Brooks; you realize that?

A. (Witness nodded.)

Q. Mr. Mazza, I have just a few more questions for you. In regard to Clarence Chauncey Smaldone —

A. Yes.

Q. — isn't it true that on October 18th you drove Chauncey

Smaldone, Clarence Smaldone, to the Hilltop?

A. I don't remember.

Q. In Don Deluzio's car?

A. No. I never rode with him.

Q. Isn't it true that on October 25th you drove Clarence Chauncey Smaldone to the Hilltop Cafe?

A. No.

Q. In your truck.

A. The only time I drove him in my truck was when I drove him and picked up the tickets.

Q. All right, I want you to think about it again. October 18th.

A. Right.

Q. Did you drive Clarence Chauncey Smaldone to the Hilltop Cafe, drop him off, and you were driving a Cadillac?

A. No.

Q. And on October 25th did you drive Clarence Chauncey Smaldone to the Hilltop in your pickup truck?

A. No I didn't. Only time I drove him in my pickup I know of is when I picked up the tickets that were in the restaurant.

Q. In any pickup truck?

A. No.

Q. You're certain of that?

A. Yes.

Q. We will give you some time for reflection if you want to reflect on it.

A. Only time I drove him was in my pickup; I never drove him in no Cadillac at any time.

Q. You never drove Clarence Chauncey Smaldone to the Hilltop in the Cadillac?

A. No.

Q. You never drove Clarence Chauncey Smaldone to the Hilltop in a pickup truck, other than on November 1st, 1969?

A. Only when we was arrested.

. . . ."

The grand jury was engaged in an investigation of alleged violations of gambling laws and an organized conspiracy to

violate such laws. Pursuant to this investigation, the grand jury found it material and necessary to obtain testimony from defendant regarding the activities and circumstances which led to his arrest with Clarence Smaldone on November 1, 1969, for violation of statutes pertaining to gambling offenses. Defendant asserted his Fifth Amendment rights before the grand jury, and was granted immunity from prosecution and compelled to testify. Thereafter, his testimony, as set out in part above, led to his indictment for perjury. Defendant was found guilty of the charge by a jury and is here on appeal seeking reversal of the judgment entered on the guilty verdict. We find no error and affirm the trial court's judgment.

I.

█ Defendant, as grounds for reversal, first contends that the indictment was fatally defective in that it contained no averment of affirmative facts to demonstrate the falsity of the testimony on which the charge was based. Defendant does not assert that the indictment failed to put him on notice as to the testimony which the People intended to prove was perjured. Rather, he relies on C.R.S. 1963, 40-7-4 which states in pertinent part:

"In every indictment for perjury or subornation of perjury it shall be sufficient to set forth the substance of the offense charged upon the defendant, . . . together with the proper averment or averments to falsify the matter or matters wherein the perjury is assigned, . . ."

Defendant would have us adopt a strict construction of this section and require an affirmative pleading of facts to show the truth. Here the indictment, by necessary implication, indicated that the converse of his testimony was the truth. *See Sharron v. United States,* 11 F.2d 689 (2nd Cir., 1926) and *United States v. Marchisio,* 344 F.2d 653 (2nd Cir., 1965). The indictment was sufficiently definite to inform the defendant of the charges against him so as to enable him to prepare a defense and to plead the judgment in bar of any further prosecutions for the same offense. *Loggins v. People,* 178 Colo. 439, 498 P.2d 1146 (1972); *Gallegos v. People,*

166 Colo. 409, 444 P.2d 267 (1968). This is all the statute requires.

## II.

◼ Defendant, for his second ground for reversal, contends that the trial court erred in admitting the testimony of Detective Sergeant Donald B. Mulnix as to events subsequent to the critical dates in the indictment relating to gambling activities by defendant and Clarence Smaldone. Detective Mulnix testified to events occurring on November 1, 1969, when defendant and Clarence Smaldone were arrested near the Hilltop Lounge and found in possession of over five hundred football parlay stubs and $1,167 in loose cash.

Defendant argues that it was prejudicial error to admit the testimony regarding the events of November 1, 1969, especially since the materiality of defendant's testimony before the Grand Jury had been stipulated to by the parties and accepted by the court. Defendant cites *Kostal v. People,* 144 Colo. 505, 357 P.2d 70 (1960) as standing for the general rule that evidence which tends to show that the defendant has committed a crime *wholly independent* of the offense for which he is on trial is inadmissible. This reliance on *Kostal* is misplaced as here there was a strong nexus between the events of October 18, October 25, and November 1, 1969. The evidence introduced at trial, if believed by the jury, demonstrated defendant's familiarity with the gambling operation being run out of the Hilltop Lounge about which Mazza was being interrogated by the grand jury, and, therefore, was relevant and material to show defendant's knowledge of the perjurious nature of his testimony and his motive for falsifying his testimony. *Gould v. People,* 167 Colo. 113, 445 P.2d 580 (1968). The stipulation that the testimony set out in the indictment was material to the grand jury investigation did not foreclose the admission of other material evidence.

## III.

◼ Defendant's final two assignments of error relate to the "Two Witness Rule." To support a conviction for perjury in this jurisdiction, the offense must be proved by the

testimony of two witnesses or the testimony of one witness and independent, corroborating evidence which is deemed of equal weight to the testimony of another witness. *Lindsay v. People,* 119 Colo. 438, 204 P.2d 878 (1949); *People v. Anderson,* 117 Colo. 342, 187 P.2d 934 (1947). Defendant would have us adopt an hypertechnical construction of the rule and hold that the conviction cannot stand unless every aspect of the testimony regarding the transactions of October 18 and 25 alleged to be perjurious in the indictment is shown to be false by the testimony of two witnesses or the equivalent. We hold that the perjury alleged in this case was defendant's representations of his non-involvement in the transactions of October 18 and 25, 1969. Thus, the testimony set out above should be viewed as a continuous assertion of non-involvement in the matters being investigated.

Donald B. Mulnix testified that he observed defendant drive Clarence Chauncey Smaldone to the Hilltop Lounge in a 1969 Cadillac on October 18, 1969, at approximately 10 o'clock a.m. Detective John R. Dore also was conducting a surveillance of the Hilltop Lounge on the morning of October 18, 1969, and he testified that he saw the defendant pick up Clarence Chauncey Smaldone in front of the Hilltop Lounge shortly after 10:00 a.m. He further testified that the defendant was driving a 1969 Cadillac.

Richard T. McNamee testified that he saw defendant park a light blue pickup truck near the Hilltop Lounge on October 25, 1969, at approximately 10:15 a.m. He further testified that shortly after the defendant parked, Clarence Chauncey Smaldone walked out of the Hilltop and got into defendant's pickup, and defendant and Smaldone drove away. Detective Dore also testified as to events of October 25, 1969. He stated that he observed defendant drive Clarence Chauncey Smaldone to the Hilltop Lounge in a light blue, late model pickup at approximately 10:15 a.m. The record thus shows two witnesses contradicting specific statements made by the defendant in his grand jury testimony: that he never drove Smaldone in a Cadillac, and that

the only time he drove him in a pickup truck was on November 1, 1969. The effect of the testimony of the three witnesses is to demonstrate the falsity of defendant's assertions of non-involvement in the matters under investigation by the grand jury. This satisfies the requirements of the two-witness rule.

Defendant's final assignment of error is that the trial court's instruction regarding the "Two Witness Rule" was inadequate in that it did not provide the jury with the proper standard by which to measure the corroborating evidence in the event that only one witness testified as to the falsity of the defendant's testimony. The trial court's instruction number eight was a substantially correct statement of the "Two Witness Rule" as set out in *People v. Anderson, supra.* The instruction failed to include an essential part of the *Anderson* formulation of the rule, *i.e.,* that the corroborating evidence must be deemed of equal weight to the testimony of another witness. This omission was harmless error (Colorado Rule of Criminal Procedure 52(a)) inasmuch as there was direct testimony by three witnesses contradicting the defendant's grand jury testimony.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES, and MR. JUSTICE GROVES concur.