The People of the State of Illinois, Plaintiff-Appellee, *v.* James Coleson, Defendant-Appellant.

(No. 74-105;

Fifth District—November 27, 1974.

*Amended opinion upon denial of petition for rehearing filed January 28, 1975.*

Paul Bradley, of State Appellate Defender's Office, of Chicago, for appellant.

W. C. Spomer, State's Attorney, of Cairo, for the People.

## AMENDED OPINION UPON DENIAL
## OF PETITION FOR REHEARING

Mr. JUSTICE CARTER delivered the opinion of the court:

James Coleson, the appellant, was prosecuted by indictment for the offenses of perjury and receiving illegal public aid. A jury found him guilty on two counts of perjury, and he was sentenced to two 3-year probationary terms to run concurrently, was ordered to pay a fine of $500, and was sentenced to 1 year's periodic imprisonment to be served on weekends.

Appellant, a public-aid recipient in Alexander County, made an application for money under the Aid to Dependent Children program. In connection with this application questions had to be answered regarding eligibility for public assistance. Also, he was asked to supply information for a redetermination of eligibility by ascertaining whether assets, money, or other facts had changed since the original application. A caseworker for the Department of Public Aid in Cairo testified that she was acquainted with the appellant and his wife, that she was acquainted with their signatures, and that she saw them affix their signatures to the application for Aid to Dependent Children. She also testified that in her opinion their signatures appeared on the redetermination form. The caseworker further testified that she had read the entire document to the appellant and his wife, including the declaration that it was made under penalties of perjury.

The State maintained that the appellant made false statements about his income as a result of which he illegally received public assistance and subjected himself to the penalty of perjury. The appellant did not present any evidence. At the close of the evidence he was found guilty on two counts of perjury and sentenced.

The issues presented on appeal are whether the indictment was sufficient to charge the offense of perjury, whether the prosecutor's reference in the closing argument to the appellant's failure to testify constituted reversible error, whether the evidence was sufficient to prove the appellant guilty beyond a reasonable doubt, and whether the sentence imposed was excessive.

We will not consider the last three issues since the conviction must be reversed on other grounds.

Appellant contends that the indictment was insufficient because there was no allegation that he was under oath at the time of making the allegedly false statements, because the specific statements said to be false were not alleged in the indictment, and because count 3 of the indictment was internally inconsistent in that it alleged facts not constituting a violation of the statutes cited.

■■ We do not agree with appellant's first contention that the perjury counts were defective because they failed to allege that he was under oath at the time he made the allegedly false statements. Section 11—21 of the Illinois Public Aid Code (Ill. Rev. Stat., ch. 23, par. 11—21) provides that:

> "If an applicant makes and subscribes an application form under Section 11—15 which contains a written declaration that it is made under penalties of perjury, knowing it to be false, incorrect or incomplete in respect to any material statement or representation bearing on his eligibility, income or resources, the offender shall be subject to the penalties of perjury as provided in Section 32—2 of the 'Criminal Code of 1961', approved July 28, 1961, as amended."

Section 11—15 of the Public Aid Code, which specifies application requirements, requires the application to contain a written declaration as follows:

> " 'I declare under penalties of perjury that I have examined this form and all accompanying statements or documents pertaining to the income and resources of myself * * * or any member of my family * * * included in this application for aid, or pertaining to any other matter having bearing upon my * * * eligibility for aid, and to the best of my knowledge and belief the information supplied is true, correct, and complete.' "

Obviously, it was the intent of the legislature that this statement would serve as an oath or affirmation. There is no requirement in section 11—15 that a notary public or other officer qualified to administer oaths be called in when the application form is signed. This would be a useless and cumbersome requirement. We have no hesitancy in saying that proof that the appellant signed an application containing the above declaration meets the oath or affirmation requirement for perjury. Ill. Rev. Stat., ch. 38, par. 32—2.

Appellant contends that the indictment is insufficient to charge the crime because it does not allege the specific statement or statements said to be false. The pertinent language from the indictment states that the defendant signed an application form under section 11—15 "knowing said application to be false in respect to a material statement bearing on the eligibility, income, and resources of James Coleson." In *People v. Grieco* (1970), 44 Ill.2d 407, 409-10, 255 N.E.2d 897, the court said: "[A]n indictment phrased in the language of the statute creating the crime is sufficiently certain where the words of the statute so particularize the offense as by their use alone to notify the accused of the precise offense charged against him. [Citations.] But where the statute

does not specifically define the crime, or does so only in general terms, some act showing an alleged violation of the statute must be averred."

In *People v. Aud* (1972), 52 Ill.2d 368, 288 N.E.2d 453, the court held that a perjury indictment is not sufficient if it is phrased in the language of the perjury statute. (Ill. Rev. Stat., ch. 38, par. 32—2.) In reversing the conviction the court in *Aud* apparently held that a perjury indictment must set forth the alleged false statement, either verbatim or in substance. In *Aud* the court also said: "A bill of particulars cannot be used to cure a void charge."

■■■ It should be pointed out that in a perjury indictment only words make the crime. If in a bill of particulars the defendant had to ask, "What words did I use that made it perjury," this can only mean that the indictment did not charge a crime. Though the indictment in the instant case used language from section 11—15 of the Public Aid Code regarding income, resources and eligibility, it said only that appellant knew his application was false in some material manner with respect to a statement bearing on his eligibility, income, and resources. We do not believe this is sufficient to charge the crime of perjury.

Considering the failure of the indictment to sufficiently charge the crime, the conviction entered by the Circuit Court of Alexander County against the appellant for the offense of perjury is reversed.

Reversed.

CREBS and EBERSPACHER, JJ., concur.