542 P.2d 1300 (1975)
PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Henry Glen WESTENDORF, Defendant-Appellant.
No. 74-493.
Colorado Court of Appeals, Div. I.
November 13, 1975.
Robert L. Russel, Dist. Atty. for the Fourth Judicial District, J. Stephen Price, Stanley D. Tabor, Sp. Deputy Dist. Attys., Colorado Springs, for plaintiff-appellee.
Thomas C. Donovan, Jr., Robert A. Millman, Colorado Springs, for defendant-appellant.
Selected for Official Publication.
BERMAN, Judge.
Defendant, Henry Glen Westendorf, appeals his conviction of first degree perjury. We reverse.
*1301 The substantive portions of the indictment in the present case state:
"That on or about the 26th day of February, 1974, in the County of El Paso, Colorado, Henry Glen Westendorf, did unlawfully and feloniously make a materially false statement in an official proceeding, to-wit: A session of the El Paso County Special Grand Jury, No. 19645, which he did not believe to be true and which was made under an oath required and authorized by law: In violation of [§ 18-8-502, C.R.S.1973] . . . "
Prior to trial, defendant made a motion for a copy of the transcript of his testimony before the Grand Jury. Defendant also requested the court to direct the district attorney's office to file a bill of particulars "stating with particularity exactly what the defendant . . . testified to before the. . . Grand Jury . . . which the district attorney believed to be untrue." The grounds for the motion were that "without such information the defendant is unable to fairly meet and defend against the charges filed against him." The court granted the motion for a transcript, but denied the motion for the bill of particulars, stating: "Now, only you and your client, perhaps, are in the best position to know what is or is not true about that testimony."
Although the People introduced into evidence only a portion of the defendant's testimony before the Grand Jury, the remainder being deleted as irrelevant, the portion that was admitted into evidence contained no less than 58 responsive statements made by defendant.
Defendant contends that the indictment is insufficient on the ground that it did not set forth the testimonial statements alleged by the State to have been perjurious. Defendant also contends the court abused its discretion in denying his motion for a bill of particulars.
Section 16-5-201, C.R.S.1973, provides:
"Every indictment or accusation of the grand jury shall be deemed sufficient technically and correct which states the offense in the terms and language of the statute defining it, or so plainly that the nature of the offense may be easily understood by the jury. . . ."
See also Crim.P. 7(b)(2). Although the legislature has the power to require which elements of an offense must be set forth in an indictment, the ultimate test of the sufficiency of an indictment is whether it is "sufficiently definite to inform the defendant of the charges against him so as to enable him to prepare a defense and to plead the judgment in bar of any further prosecutions for the same offense." People v. Mazza, 182 Colo. 166, 511 P.2d 885; People v. Xericos, Colo., 525 P.2d 415; Edwards v. People, 176 Colo. 478, 491 P.2d 566; Russell v. U. S., 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed. 2d 240.
Here, the indictment contains no statements which are alleged to have been perjurious. And, the general rule is that a perjury indictment which does not set forth the alleged false statements, either verbatim or in substance, is insufficient to charge the crime. People v. Aud, 52 Ill. 2d 368, 288 N.E.2d 453; People v. Coleson, 25 Ill.App.3d 43, 322 N.E.2d 600; Paxton v. Walters, 72 Ariz. 120, 231 P.2d 458; 70 C.J.S Perjury § 43; 60 AmJur.2d Perjury § 38.
Although no Colorado cases specifically follow the general rule, in People v. Broncucia, Colo., 540 P.2d 1101 (1975), our Supreme Court reversed a conviction of perjury under circumstances pertinent to the issue at hand. There, the indictment contained the statements alleged to have been false, but it contained no averment of fact to demonstrate the falsity of the testimony nor was that falsity apparent by "necessary implication." In light of the decision in Broncucia, it follows that the absence here of the alleged false statements in the indictment renders it fatally defective.
Furthermore, a bill of particulars, even if it supplied, could not have cured the defect. Russell, supra; Aud, supra. *1302 Although the purpose of a bill of particulars is to define more specifically the offense charged, Balltrip v. People, 157 Colo. 108, 401 P.2d 259, '"[a] bill of particulars is not a part of an indictment . . . nor an amendment thereto. ... It cannot. . . in any way aid an indictment fundamentally bad . . ..'" Wright v. People, 104 Colo. 335, 91 P.2d 499; compare Xericos, supra, with People v. Ingersoll, 181 Colo. 1, 506 P.2d 364.
An insufficient indictment does not legally charge a crime or subject defendant to the jurisdiction of the court. Rowse v. District Court, 180 Colo. 44, 502 P.2d 422. And, "[l]ack of jurisdiction or the failure of the indictment ... to charge an offense shall be noticed by the court at any time during the proceeding." Crim.P. 12(b)(2). Hence, although defendant did not raise the insufficiency of the indictment at trial or in his motion for new trial, he is not thereby precluded from asserting that defect now. Moreover, the grounds alleged by defendant in support of the motion for a bill of particulars were adequate to preserve his right to attack on appeal the sufficiency of the indictment.
Because we conclude the indictment was insufficient to charge the crime, we need not discuss the other allegations of error.
The judgment is reversed and the cause is remanded with directions to dismiss the indictment.
COYTE and ENOCH, JJ., concur.