The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Steve FUESTON, Defendant-Appellant.

No. 84CA1022.

Colorado Court of Appeals, Div. I.

Nov. 29, 1985.

Rehearings Denied Jan. 16, 1986.

Certiorari Granted (People) April 7, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph (Sib) Abraham, Jr., Charles Louis Roberts, El Paso, Tex., Don Meinhold, P.C., Don Meinhold, Colorado Springs, for defendant-appellant.

BABCOCK, Judge.

Defendant, Steve Fueston, appeals from a judgment of conviction entered on jury verdicts finding him guilty of first degree perjury in violation of § 18–8–502, C.R.S. (1978 Repl.Vol. 8), and offering a false instrument for recording in violation of § 18–5–114, C.R.S. (1985 Cum.Supp.). We affirm the conviction of perjury, but reverse defendant's conviction of offering a false instrument for recording.

The prosecution's evidence established that in 1972 defendant was employed by

ARM Incorporated, as the manager of a restaurant and lounge located in Tacoma, Washington. In the early 1970's, ARM held a liquor license issued by the state of Washington.

In 1973, ARM changed its name to Howven Incorporated, and defendant became vice-president, secretary-treasurer, and a director of the corporation. Later in 1973 the Washington State Liquor Board issued an order cancelling the liquor license held by Howven effective January 10, 1974. In May 1974, the lounge discontinued operations. In 1975, defendant obtained a Colorado liquor license which he renewed annually through 1982.

Defendant's conviction of offering a false instrument for recording was based on his answering "no" to the following question on his 1982 liquor license renewal application: "Has any person, as applicant, partner, officer, director, or employee, ever ... had an alcoholic beverage license suspended or revoked?" Defendant's conviction of first degree perjury was based on his testimony at a hearing held in June 1983 before the Colorado Springs Beer and Liquor License Advisory Board. At that hearing, defendant testified, "I was never aware that any stock [in Howven] was ever issued to me. I never received any certificates or anything."

## I. *Perjury*

### A. Sufficiency of the Evidence

Defendant contends that the evidence was insufficient to support his perjury conviction. We disagree.

Section 18–8–506, C.R.S. (1978 Repl.Vol. 8) provides that: "[I]n any prosecution for perjury ... except a prosecution based upon inconsistent statements pursuant to § 18–8–505, falsity of a statement may not be established solely through contradiction by the uncorroborated testimony of a single witness." Because this is a codification of the common law "two-witness rule," the common law may be used as an aid in the interpretation of the statute. *See* § 18–1–403, C.R.S. (1978 Repl.Vol. 8); *People v. Berry*, 703 P.2d 613 (Colo.App.1985).

The two-witness rule provides that perjury must be proved by the testimony of two witnesses, or by the testimony of one witness with independent corroborating evidence. *See People v. Concialdi*, 191 Colo. 561, 554 P.2d 1094 (1976); *People v. Mazza*, 182 Colo. 166, 511 P.2d 885 (1973). The independent corroborating evidence must be equal in weight to the testimony of another witness, *Lindsay v. People*, 119 Colo. 438, 204 P.2d 878 (1949), and it must be, by itself, inconsistent with the innocence of the defendant. *See People v. Anderson*, 117 Colo. 342, 187 P.2d 934 (1947). However, each witness or piece of corroborating evidence need not independently prove false every aspect of the allegedly perjured testimony. *People v. Mazza, supra.*

Our statutory variant of the "two-witness rule" is by its terms applicable in all perjury prosecutions other than those it expressly excludes. However, the requirements of the rule can be satisfied by independent documentary evidence, if that evidence is of sufficient weight. *See United States v. Rose*, 215 F.2d 617 (3rd Cir.1954).

Here, the evidence that defendant's sworn statements were false consisted of two documents: a "List of Officers and Directors" of the Howven corporation signed by defendant "under penalty of perjury" which stated that defendant held 412 of the 1250 outstanding shares of the corporation; and the minutes of a board meeting of Howven's predecessor corporation which stated: "RESOLVED that the Secretary-Treasurer [defendant] shall issue ... 25% of the outstanding stock to Steven M. Fueston."

For purposes of the "two-witness rule" the first document is the equivalent of the testimony of a witness directly contradicting defendant's sworn testimony in all respects. While the second document is not by itself conclusive proof that defendant's testimony was perjured, it is equal in weight to the testimony of another witness and is inconsistent with the innocence of defendant. Together this evidence constitutes the documentary equivalent of a contradicting witness and the independent cor-

roboration required by the "two-witness rule," and is, therefore, sufficient to sustain the conviction. *See People v. Anderson, supra; United States v. Rose, supra.*

## B. Admissibility of Documents

Defendant contends that the documents obtained from the public files of Washington state were improperly admitted, because they were not properly authenticated. We disagree.

■ The trial court admitted two categories of documents which had been obtained from the public records of Washington state. The first category consisted of corporate records of the Howven corporation which were obtained from the Washington Secretary of State. Those documents were accompanied by the Secretary of State's sealed certification that the documents were true and correct copies. Therefore, these documents were self-authenticating pursuant to CRE 902(4), and were properly admitted by the trial court.

■ The other documents were obtained in person from the Washington State Liquor Control Board by the complaining witness. The witness testified that these documents were accurate copies of the originals which he had inspected in the files of the Washington State Liquor Control Board. The trial court found, and we agree, that this was sufficient to authenticate the documents. *See* CRE 901(a) and (b)(1).

Defendant also argues that the trial court improperly admitted the documents over his hearsay objections. We find no error.

■ Some of the documents were not admitted for the truth of the matters asserted therein, but instead were admitted for proper limited purposes, accompanied by limiting instructions. Thus, they were not hearsay. *See* CRE 801(c). Furthermore, these documents were otherwise admissible as public records setting forth either the activities of the agency or observations made pursuant to a duty imposed by law. CRE 803(8)(A) and (B).

■ Those documents which were admitted for the truth of the matters asserted were corporate reports signed by the defendant. Therefore, they were properly admitted as admissions made by defendant, and did not constitute hearsay. CRE 801(d)(2).

## C. Materiality Testimony

■ Defendant also contends that the trial court erred when it allowed a liquor investigator to testify concerning the effect defendant's false statement had on the liquor board's action. We disagree.

■ In a prosecution for first degree perjury, materiality is a question of law for the trial court to decide under the circumstances of the case. *People v. Smith,* 198 Colo. 120, 597 P.2d 204 (1979); § 18–8–501(1), C.R.S. (1978 Repl.Vol. 8). Here, independent of the liquor investigator's testimony, the record supports the trial court's finding of materiality beyond a reasonable doubt. *See People v. Smith, supra.* Thus, the error, if any, was harmless. *See* CRE 103(a) and Crim.P. 52(a).

## II. *Offering False Instrument*

■ Defendant contends that the information charging him with offering a false document for recording was fatally defective because it did not identify which statements in the defendant's 1982 liquor license renewal application were false. We agree.

The information reads in pertinent part as follows:

"On or about October 1, 1982, Steven M. Fueston did unlawfully and feloniously present and offer a public office and public employee a written document ... knowing it contained a materially false statement and materially false information...."

■ An information, like a grand jury indictment, must be specific enough to inform the defendant of the charges against him in order for him to prepare a defense and to bar further prosecutions for the same offense. *People v. Westendorf,* 37 Colo.App. 111, 542 P.2d 1300 (1975). The nature of certain crimes requires that more specific facts than the statutory language be pled so as to satisfy this sufficiency requirement. *See People v. Tucker,* 631

P.2d 162 (Colo.1981) (embezzlement); *People v. Westendorf, supra* (perjury).

 We hold that an information charging the offense of the offering of a false instrument for recording, like a perjury information, must set forth the alleged false statements contained therein, either verbatim or in substance. *See People v. Westendorf, supra.* Because the information in this case failed to allege which of the many statements contained in the defendant's 1982 liquor license renewal application were false, it was fatally defective.

In view of the above ruling, it is unnecessary to consider the defendant's remaining assignments of error with respect to the charge of offering a false instrument for recording.

The judgment of conviction is affirmed with respect to defendant's conviction of first degree perjury, and is reversed with respect to defendant's conviction of offering a false instrument for recording. The cause is remanded with directions to dismiss with prejudice that portion of the information charging offering a false instrument for recording.

PIERCE and KELLY, JJ., concur.