The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard James VIGIL, Defendant–Appellant.

No. 06CA0991.

Colorado Court of Appeals, Div. VII.

May 27, 2010.

Rehearing Denied July 15, 2010.

---

John W. Suthers, Attorney General, Jonathan P. Fero, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Alan Kratz, Deputy State Public

Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

Richard James Vigil obtained cars to sell on consignment. He sold some of the cars without telling the owners and then kept the proceeds. He also falsified documents and took money from several buyers without conveying title. He went to trial and was convicted of nine offenses: one count of forgery, three counts of offering a false instrument for recording, and five counts of theft. He was sentenced to fifteen years in prison.

Vigil now appeals his convictions and sentence. In part I of this opinion, we consider and reject the arguments presented in Vigil's opening brief. In part II, we consider a multiplicity issue on our own motion. We conclude that two of Vigil's theft convictions must be merged. We therefore affirm the judgment in part and vacate it in part, vacate the sentence, and remand for resentencing.

## I. Vigil's Contentions

Vigil challenges his convictions on several grounds. His contentions fail.

### A. Charging Document

■ The prosecution charged Vigil with five counts of offering a false instrument for recording. Of those five counts, Vigil was convicted of three: counts 8, 12, and 13. Vigil contends that these convictions must be reversed because the charging document, a felony information, did not allege certain facts. We see no reason to reverse.

An information is sufficient if it establishes the following:

(a) That it is presented by the person authorized by law to prosecute the offense;

(b) That the defendant is identified therein, either by name or by the defendant's patterned chemical structure of genetic information, or described as a person whose name is unknown to the informant;

(c) That the offense was committed within the jurisdiction of the court or is triable therein;

(d) That the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction.

§ 16–5–202(1), C.R.S.2009; *see* Crim. P. 7(b)(2) (stating identical requirements); *People v. Williams*, 984 P.2d 56, 60 (Colo.1999) (if the information satisfies each of the four requirements, it invokes the jurisdiction of the court).

Here, the information satisfied the necessary requirements. The charges were filed under authority of the elected district attorney. Each of the pertinent counts identified Vigil by name and alleged the necessary jurisdictional facts; each identified the elements of filing a false instrument for recording; and each contained sufficient detail to apprise Vigil of the particular offense of which he was accused.[1] We therefore conclude that the information was sufficient. *See People v. Melillo*, 25 P.3d 769, 778 (Colo. 2001) (an information is sufficient if it identifies the essential elements of the crime charged and alleges sufficient facts to both permit the accused to prepare an adequate defense and assure that he cannot be prosecuted again for the same crime); *Williams*, 984 P.2d at 60 (same).

We acknowledge that the charges failed to identify the particular statement or assertion alleged to be false. *See People v. Fueston*, 717 P.2d 978, 981–82 (Colo.App.1985) *(Fueston I)* (to charge the crime of offering a

---

1. The pertinent charges are similar in form and content. Here is a representative example:

    That on or about December 18, 2003, at the City and County of Denver, State of Colorado, Richard James Vigil unlawfully, feloniously, and with intent to defraud, presented or offered a written instrument, namely: DUPLICATE CERTIFICATE OF TITLE # 10R564092 and POWER OF ATTORNEY FOR MOTOR VEHICLE ONLY, relating to or affecting real or personal property or directly affecting con-

    tractual relationships, to a public office or a public employee, namely: COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLES DIVISION, with the knowledge or belief that the written instrument would be registered, filed, or recorded or become a part of the records of that public office or public employee, and knowing that the written instrument contained a material false statement or material false information; in violation of section 18–5–114(1), C.R.S.

false instrument for recording, the information must identify the statements alleged to be false), *aff'd in part and rev'd in part on other grounds,* 749 P.2d 952 (Colo.1988) *(Fueston II); cf. People v. Westendorf,* 37 Colo.App. 111, 112–13, 542 P.2d 1300, 1301 (1975) (perjury indictment must identify the statements alleged to be false). But we conclude that this defect is not fatal.

There is no question that, on these charges, Vigil was able to identify the unlawful transactions so that he could form his defense. (Although not essential to our analysis, we note that Vigil's defense was successful on two of the five charges.) And there is no question that Vigil can guard against further prosecution for these offenses. *See United States v. Whitman,* 665 F.2d 313, 318 (10th Cir.1981) (because it is the judgment, and not the indictment alone, that acts as a bar to future prosecutions, the entire record may be considered in evaluating a subsequent claim of double jeopardy). Because the information fulfills both of these underlying purposes, the defect is one that could have been cured by a bill of particulars. *See Williams,* 984 P.2d at 63 ("While a bill of particulars cannot cure a fundamental error in a charging document, it can remedy a defect in form resulting from indefiniteness or lack of specificity that may hinder trial preparation."); *cf. United States v. Sampson,* 448 F.Supp.2d 692, 696 (E.D.Va.2006) (ordering the prosecution to identify, in a bill of particulars, both the documents and the statements within the documents that were allegedly fraudulent).

We are aware that, in some cases, lack of specificity has been held to constitute a fatal defect in the charging document. But we view those cases as distinguishable because, in each case, the defect would have precluded the preparation of a meaningful defense. *See, e.g., People v. Tucker,* 631 P.2d 162, 164 (Colo.1981) (indictment should have been dismissed as vague because it did not allege how the embezzlement was accomplished); *People v. Donachy,* 196 Colo. 289, 292–93, 586 P.2d 14, 16–17 (1978) (indictment was fatally defective because it failed to identify the money or property allegedly converted and failed to indicate how the money or

property was used); *People v. Broncucia,* 189 Colo. 334, 336–37, 540 P.2d 1101, 1103 (1975) (perjury charge was fatally defective because it "failed to set forth with sufficient specificity the falsity of the defendant's statements so as to enable him to prepare his defense"); *Fueston I,* 717 P.2d at 982 (information was fatally defective because it "failed to allege which of the many statements contained in the defendant's 1982 liquor license renewal application were false"); *Westendorf,* 37 Colo.App. at 112–13, 542 P.2d at 1301 (indictment was fatally defective because it "contains no statements which are alleged to have been perjurious").

Because Vigil was able to prepare a defense, because he did not object to the charges or request a bill of particulars, and because he did not allege (much less demonstrate) prejudice, his argument fails. *See Williams,* 984 P.2d at 64–65 (although the information did not identify the offense underlying a charge of criminal trespass, the defendant was not entitled to relief because he failed to request a bill of particulars and failed to show that he had been prejudiced); *see also United States v. Varkonyi,* 645 F.2d 453, 456 (5th Cir.1981) (because the lack of specificity "does not concern the failure to charge an offense," the defendant's argument was waived by his failure to raise it in the trial court).

### B. Unanimity Instruction

Vigil contends that the court should have given a special unanimity instruction to guide the jury's deliberations on the theft charges. His argument is this:

1.  When it enacted the theft statute, the legislature combined several distinct offenses into one crime. *See* § 18–4–401, C.R.S.2009; *People v. Quick,* 713 P.2d 1282, 1287 (Colo.1986).

2.  Because the statute does not expressly state otherwise, courts should assume that the legislature "intended the formerly distinct offenses to retain their 'offense' status with its attendant unanimity requirements." *United States v. Edmonds,* 80 F.3d 810, 822 (3d Cir. 1996). Accordingly, trial courts must ensure that jurors unanimously agree

on the theory that underlies any particular theft conviction.

3. Here, the court failed to ensure that the jurors either were unanimous in finding that Vigil knowingly obtained a thing of value "without authorization" or were unanimous in finding that he knowingly did so "by deception." The court similarly failed to ensure that the jurors were unanimous in finding that Vigil took a thing of value "with intent to permanently deprive" or were unanimous in finding that he "knowingly used or concealed the thing of value in such a manner as to deprive the [victim] permanently of its use or benefit."

■ Because Vigil did not make this argument or request a unanimity instruction at trial, we review only for plain error. *Woertman v. People*, 804 P.2d 188, 190 (Colo.1991). Under this standard, we need not decide whether the court actually erred if it is clear that the alleged error was not obvious. *See People v. Buerge*, 240 P.3d 363, 369 (Colo. App.2009) (plain error is error that is so clear cut that a competent judge should have been able to avoid it without the benefit of an objection); *People v. O'Connell*, 134 P.3d 460, 465 (Colo.App.2005) ("For an error to be 'plain' it must be 'obvious.'"); *United States v. Alli–Balogun*, 72 F.3d 9, 12 (2d Cir.1995) (declining to decide whether it would have been error to deny a special unanimity instruction because the alleged error was not obvious under existing authority).

■ Generally, jurors need not agree about the evidence or theory by which a particular element is established, *People v. Palmer*, 87 P.3d 137, 140 (Colo.App.2003), and we are unaware of any published appellate decision in Colorado holding that jurors must unanimously agree on the theory that supports a single conviction of theft. On the contrary, the published authority suggests that such agreement is unnecessary. *See People v. Dunlap*, 124 P.3d 780, 815 (Colo. App.2004) (the defendant was not deprived of his right to a unanimous verdict, even though the theft instruction included both the "without authorization" and "threat and deception" theories); *see also Commonwealth v. Nadal–Ginard*, 42 Mass.App.Ct. 1, 674 N.E.2d 645,

652–53 (1997) (jurors need not agree about the theory of culpability that supports a conviction for larceny); *People v. Conroy*, 53 A.D.3d 438, 861 N.Y.S.2d 46, 49 (N.Y.App. Div.2008) (jurors need not agree whether the defendant committed larceny by false pretenses or by embezzlement).

Given the lack of authority supporting Vigil's contention, we conclude that the alleged error cannot be regarded as plain or obvious. We therefore reject Vigil's contention.

## C. Sufficiency of the Evidence

■ When reviewing the sufficiency of the evidence, we determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt. *People v. McIntier*, 134 P.3d 467, 471 (Colo. App.2005).

Here, contrary to Vigil's view, the evidence is sufficient to support the jury's verdict on the disputed charges:

- *Count 3.* The evidence supports a reasonable inference that Vigil lied so that the buyer would give him money for a car that Vigil did not own.

- *Counts 4 and 10.* The charging document alleged that Vigil stole the victims' cars. The evidence proved these offenses, and Vigil does not suggest otherwise. Instead, relying on language in a jury instruction, he argues that the prosecution failed to prove that he stole the victims' money. This argument fails because the sufficiency of evidence is measured "against the elements of the offense, not against the jury instructions." *United States v. Bomski*, 125 F.3d 1115, 1118 (7th Cir.1997); *see People v. Gonzales*, 666 P.2d 123, 127 (Colo.1983) ("The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that each of the essential elements of the crime charged has been proven beyond a reasonable doubt."); *see also United States v. Morton*, 412 F.3d 901, 904 (8th Cir.2005) (whether the jury was properly instruct-

ed does not affect a review for sufficiency of the evidence).

- *Count 6.* The evidence supports a reasonable inference that Vigil forged a signature on a bill of sale so that it would appear, to a potential buyer or others, that Vigil had purchased the car. Although there is no evidence that Vigil used the document to defraud any person, one could reasonably infer that he prepared it with fraudulent intent.

### D. Uncharged Misconduct

■ During his direct examination, Vigil said that he had been unable to pay back the victims because he was jailed pending trial. On cross-examination, the prosecutor sought to clarify that Vigil was not being held on his current charges. Defense counsel conceded that this was a proper line of inquiry and asked only that Vigil not be required to specify the nature of the crimes for which he was being held. The court granted defense counsel's request, and the prosecutor adhered to the court's ruling.

Under these circumstances, we conclude that any error in the court's ruling was invited. *See People v. Stewart,* 55 P.3d 107, 119–20 (Colo.2002).

### E. Severance

■ During a pretrial hearing, the court asked defense counsel to state his position on an earlier filed motion for severance of charges. Counsel responded that he would leave the matter to the court's discretion. Because that exchange did not constitute a renewal of Vigil's motion, it did not preserve Vigil's appellate argument about severance. *See People v. Aalbu,* 696 P.2d 796, 806 (Colo. 1985) (the defendant must renew his severance motion during trial to obtain review of the court's pretrial ruling).

### F. Prosecutorial Misconduct

■ None of the prosecutor's remarks in closing argument was flagrant or glaringly improper. We therefore decline to grant relief for plain error. *See People v. Williams,* 996 P.2d 237, 244 (Colo.App.1999) (to rise to the level of plain error, the prose-

cutor's comments must be flagrant or glaringly improper); *People v. Gordon,* 32 P.3d 575, 581 (Colo.App.2001) (prosecutorial misconduct in closing argument rarely constitutes plain error).

### II. Multiplicity

We now consider a multiplicity issue that we raised on our own motion. We conclude that two theft convictions must be merged into one.

### A. Introduction

■ "Multiplicity is the charging of the same offense in several counts, culminating in multiple punishments." *Quintano v. People,* 105 P.3d 585, 589 (Colo.2005). Multiplicitous convictions are prohibited because they violate the constitutional prohibition against double jeopardy. *Woellhaf v. People,* 105 P.3d 209, 214 (Colo.2005).

■ To determine whether a defendant's conduct may support multiple convictions, we first identify the legislatively defined unit of prosecution. We then examine the evidence to determine whether the defendant's conduct constituted factually distinct offenses. *Id.* at 215; *Quintano,* 105 P.3d at 590–91. If the convictions are not based on separate offenses, they merge with one another. *See Woellhaf,* 105 P.3d at 220.

In *Roberts v. People,* 203 P.3d 513 (Colo. 2009), the supreme court identified the unit of prosecution under the then-current version of the theft statute. *See* Ch. 384, sec. 3, § 18–4–401(4), 2007 Colo. Sess. Laws 1691 ("[w]hen a person commits theft twice or more within a period of six months without having been placed in jeopardy for the prior offense," theft is a class 3 or class 4 felony depending on the aggregate value of the things taken); *cf.* § 18–4–401(4)(a)–(b), C.R.S.2009 (amended version effective May 11, 2009). The court held that "all thefts committed by the same person within a six-month period ... [must] be joined and prosecuted as a single felony." *Roberts,* 203 P.3d at 516.

■ *Roberts* was announced after the parties had filed their briefs in this appeal. Because some of Vigil's thefts occurred with-

in six months of each other, we requested supplemental briefing on the applicability of *Roberts*. We conclude that *Roberts* applies here.

In so doing, we make three observations.

■ First, we think it appropriate to have raised this issue on our own motion. Double jeopardy claims implicate fundamental rights. *See Patton v. People*, 35 P.3d 124, 128 (Colo.2001) (double jeopardy claims implicate the state's constitutional power to prosecute). Therefore, this multiplicity issue is available, even though Vigil did not raise it at trial. *See id.; People v. Gardner*, 250 P.3d 1262, 1266 (Colo.App.2010); *People v. Tillery*, 231 P.3d 36, 56 (Colo.App.2009); *see also Moody v. People*, 159 P.3d 611, 615 (Colo.2007) (especially in criminal cases, appellate courts may notice errors to which no exception has been taken if the errors are obvious or otherwise affect the fairness, integrity, or public reputation of judicial proceedings). The issue is one that must be resolved as a matter of law. *See People v. Abiodun*, 111 P.3d 462, 471 (Colo.2005) ("[W]hether different acts could constitute more than one offense and whether sufficient evidence has been produced to support a factual finding of those acts are matters of law."). And it is one that requires further development in light of *Roberts*. *See State v. Wilkins*, 267 Kan. 355, 985 P.2d 690, 698 (1999) (because a new case shed light on the appropriate unit of prosecution, the appellate court raised and addressed the multiplicity issue on its own motion).

Second, we recognize that the legislature has amended the theft statute to dispense with the mandatory six-month unit of prosecution. *See* § 18–4–401(4)(a)–(b) (effective May 11, 2009, providing that "two or more . . . thefts *may* be aggregated and charged in a single count" (emphasis added)). But we conclude that Vigil is not affected by this change because his offenses were all committed before the amendment's effective date.

■ Third, we acknowledge that, in amending the theft statute, the legislature disavowed any intent to have created a mandatory unit of prosecution. *See* Ch. 244, sec. 1(a), 2009 Sess. Laws at 1099 (declaring that the intent in adopting prior versions of the statute was "to allow, but not require," the aggregation of thefts). But we decline to give this declaration retroactive effect. A legislative statement "cannot control the interpretation of an earlier enacted statute." *O'Gilvie v. United States*, 519 U.S. 79, 90, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996), *cited in Union Pacific R.R. Co. v. Martin*, 209 P.3d 185, 188 (Colo.2009). And this declaration, after *Roberts*, would have the impermissible effect of increasing punishment retroactively. *See Woldt v. People*, 64 P.3d 256, 270 (Colo.2003) ("We cannot give effect to a provision that 'punishes as a crime conduct which was innocent when done, makes more onerous the punishment for a crime after its commission, or deprives a defendant of a defense that was available at the time the crime was committed.'" (quoting *People v. Dist. Court*, 834 P.2d 181, 199 (Colo.1992))).

### B. Applying *Roberts*

■ The unit of prosecution identified in *Roberts* is easy to apply if the defendant's thefts all occur within a single six-month period (the defendant may sustain only one theft conviction), or if the defendant's thefts are all separated by more than six months (each theft can support a separate conviction). But the issue is more complicated if the thefts may be grouped in various ways.

Consider a hypothetical case in which a person commits a theft every four months for a year (one each in January, April, July, and October). Under *Roberts*, one could aggregate these thefts in two ways.

First, one could group the earliest two thefts (January and April) into one six-month period, and group the last two thefts (July and October) into another six-month period. This approach would result in two theft convictions:

January      April      July      October

Second, one could group the middle two thefts (April and July) into one six-month period. This approach would place the earliest (January) and latest (October) thefts into separate six-month periods and would result in three convictions:

January      April      July      October

Both approaches reflect a legitimate application of the legislatively defined unit of prosecution. Therefore, the prosecution would be free to employ either approach in charging the defendant. *See People v. Renander*, 151 P.3d 657, 659–60 (Colo.App.2006) (the prosecution has primary authority to decide what crimes to charge).

On appeal, however, a reviewing court must employ the approach that will maximize the effect of a jury's verdict. *See People v. Rodriguez*, 914 P.2d 230, 285 (Colo.1996) ("When a conviction must be vacated as duplicative, the district court should 'select[ ] the combination of offenses that produce[s] the most convictions and the longest sentences in order to maximize the effect of the juries' verdicts.' " (quoting *People v. Glover*, 893 P.2d 1311, 1315 (Colo.1995))); *People v. Beatty*, 80 P.3d 847, 853 (Colo.App.2003). We therefore will employ the approach that yields as many convictions as possible.

We examine the record to determine whether the evidence is sufficient to support a factual finding that the thefts occurred in separate six-month periods. *See Abiodun*, 111 P.3d at 471. In so doing, we are aware that a theft is complete once the defendant has knowingly obtained the victim's property with the intent to permanently deprive the victim of it, or has knowingly used the property in a way that will permanently deprive the victim of its use or benefit. *See* § 18–4–401(1)(a)–(b).

Applying these criteria, we conclude that the evidence will support four convictions.

1. *Count 1.* Vigil was charged with theft from T.R. between January 1 and March 31, 2002. The evidence supports a reasonable inference that the crime was complete as early as January 5, 2002 (when T.R. gave Vigil cash for a car). Because this theft was committed more than six months before any other, it will support one conviction under *Roberts*.

2. *Count 2.* Vigil was charged with theft from R.M. between September 1, 2002, and July 31, 2003. The evidence supports a reasonable inference that this theft was complete as early as January 23, 2003 (when R.M. gave Vigil cash for a car). Because this theft occurred more than six months after the theft described in count 1, and because it stands outside the six-month period that comprises counts 3 and 10, it supports a single conviction.

3. *Counts 3 and 10.* Vigil was charged in Count 3 with theft from victims T.N. and E.N. between May 1 and June 30, 2003. But the evidence shows that the crime was committed on a single day, May 12, 2003. In Count 10, Vigil was charged with theft from victims R.A. and M.A. between September 1, 2003, and February 29, 2004. But the evidence shows that the crime was committed in September 2003. Because both thefts occurred within the same six-month period, they constitute one theft under *Roberts*. Therefore,

counts 3 and 10 must be merged into a single conviction for theft as a class 4 felony.[2]

4. *Count 4.* Vigil was charged with theft from victim J.Z. between October 1, 2003, and February 29, 2004. The evidence supports a reasonable inference that the crime was completed as late as December 15, 2003, when Vigil sold J.Z.'s car. Because this theft occurred outside the six-month period that comprises counts 3 and 10, it supports one theft conviction.

## C. Resentencing

Because counts 3 and 10 must be merged, we remand for correction of the mittimus and resentencing on that single count.

To the extent that they continue to be relevant, we reject Vigil's challenges to the court's exercise of discretion in imposing consecutive terms. The court did not rely on evidence outside the record, nor did it fail to consider mitigating circumstances.

## III. Conclusion

The judgment is vacated insofar as it reflects separate convictions for counts 3 and 10; the sentence is vacated; and the case is remanded with directions to merge those counts and to resentence Vigil on the merged count. In all other respects, the judgment is affirmed.

Judge J. JONES and Judge GABRIEL concur.

---

2. The People argue that, by aggregating the value of the merged counts, we may order the district court to impose a conviction for theft as a class 3 felony. We disagree. Although the classification of a theft is determined by its aggregate value,

Vigil cannot be convicted of a crime greater than one with which he was charged. *See Schmuck v. United States,* 489 U.S. 705, 717, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).